## J. H. & F. E. WIGGINS *v.* THE STATE.

1. CRIMINAL LAW. *Challenges allowed State.* In the trial of a criminal prosecution in which the peremptory challenges of jurors by the State is limited to four, it is error to allow the State to exceed that number, although two defendants are being tried under the same indictment, where the juror thus challenged by the State was accepted by the defendants, and the defendants afterwards exhausted their challenges before the jury was obtained.

2. SAME. *Evidence.* In the trial of an indictment for forgery, it is error to allow a witness to be asked, over the objection of the defendant, whether he would state that the paper then shown him, being the paper on which the indictment was founded, was a forgery.

---

FROM DAVIDSON.

---

Appeal in error from the Criminal Court of Davidson.    J. M. QUARLES, J.

CALDWELL, BOND & COX for Wiggins.

HOUSE, COOK and ATTORNEY GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

The indictment under which the plaintiffs in error were tried, contained four counts. The first count was for obtaining by false pretenses the genuine signatures of school directors to a school warrant and order. The second count was obtaining the same

genuine signatures by false tokens. The third was for forgery of the warrant and order, and the fourth for offering to pass the same, knowing it to be forged. In making up the jury for the trial of the defendants, after the State, through the attorney general, had challenged four jurors, another juror being presented was challenged by the State and accepted by the accused; but the court, being of opinion that when two defendants were on trial under a joint indictment the State was entitled to double challenges, overruled the motion of the defendants that the juror should take his seat for the trial of the cause, and afterwards, the defendants having exhausted their challenges, the jury were elected.

By the act of 1875, ch. 75, "in the trial of criminal prosecutions" of this character, the State is entitled to four peremptory challenges. Under the act of 1829, ch. 55, which provided that "in the trial of all indictments," etc., "the State and the defendant shall each be entitled to challenge peremptorily five jurors," it was held that where two defendants were arraigned, each had the right to the full number of challenges. *Hill* v. *State*, 2 Yer., 246. The rule thus established has been followed ever since. But the court refused to extend the rule to civil cases. *Blackburn* v. *Hays*, 4 Col., 227. It is argued that the State should have the benefit of the construction. But the reason of the rule is, that the right is given to the defendants, and where there are several defendants, although they may be tried together, yet the judgments may be different. Each defendant is on

trial, and must stand or fall, ordinarily, as if tried alone. It is only a natural and reasonable construction of the statute to hold that every defendant should have the benefit of its provisions. The State, however, is not multiplied with the defendants, and, having elected to indict and try the parties together, cannot claim beyond the fair meaning of the language used. Nor has the construction contended for ever prevailed in practice. The court erred, therefore, in its ruling.

On the trial of the defendants, the person, whose name was alleged in one count of the indictment to have been fraudulently procured to the warrant and order, and in another count to have been forged, was examined as a witness. He stated that he would recognize the signature to the warrant as genuine if he had seen it anywhere else. He was then asked if he would state that the paper was a forgery, to which question the defendants excepted, and the court overruled the exception. The witness replied: "Yes, the paper is a forgery." This was error. The very point for which the jury were empaneled was to try whether the instrument was a forgery. To constitute forgery there must be the fraudulent making or alteration of the writing to the prejudice of another's rights. In other words, there must be an act with a fraudulent intent. The witness might testify as to the act, by proving that the name was not signed, nor authorized to be signed by him, but it was for the jury to say with what intent the writing was made. Perhaps, nothing more was intended than a

statement from the witness that the signature was not his, but the mode of putting the question was improper, and naturally produced an improper answer.

The judgment must be reversed, and a new trial granted.