## Black, County Attorney, et al. v. Davenport, County Judge, and Others.

(Decided September 21, 1920.)

Appeal from Mercer Circuit Court.

1. Counties—Fiscal Courts—Minutes and Records.—Being a court of record a fiscal court can speak only through its records.

2. **Counties—County Judge Cannot Receive Extra Compensation.—**
A county judge is a member of the fiscal court, and under section 1844, Kentucky Statutes, he can not enter into a contract with the county for work to be done or material to be furnished and receive extra compensation; and if he does so in violation of said section the money that he receives on this account is recoverable at a suit of the county attorney for the use and benefit of the county.

R. L. BLACK for appellants.

E. H. GAITHER, C. E. RANKIN and E. M. HARDIN for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant, R. L. Black, is county attorney of Mercer county, and appellee, J. W. Davenport, is judge of the Mercer county court. The other appellees and defendants are members of the Mercer fiscal court. County attorney Black asked the fiscal court for authority to institute an action against county judge Davenport to recover $658.02, alleged to have been obtained by Judge Davenport from the county treasurer out of the funds of the county and wrongfully and illegally applied to purposes of his own. The fiscal court refused to grant the county attorney authority to institute the action, whereupon Black instituted this action as county attorney of Mercer county and as a citizen and taxpayer of that county, suing for the use and benefit of Mercer county, naming J. W. Davenport, judge of the Mercer county court and each of the members of the fiscal court, as defendants. The petition alleged that "on or about the 11th day of November, 1918, the defendant, J. W. Davenport, county judge of Mercer county, got hold of the road engineer's order book and drew an order in favor of himself against the treasurer of Mercer county, G. W. Edwards, for the sum of $490.17 and signed the name of A. T. McGlone, road engineer of Mercer county, to said order without the knowledge or consent of the state road engineer; that he then had said order indorsed by the sheriff of Mercer county, after which he presented said order to G. W. Edwards, treasurer of Mercer county, for payment, and the said treasurer paid to the defendant, J. W. Davenport, on said order the aforesaid sum of $490.17." It is further alleged that "on or about the 10th day of December, 1918, the defendant, J. W. Davenport, county judge of Mercer county, again got hold of the road engineer's order book and drew an order in

favor of himself against the treasurer of Mercer county, for the sum of $167.85 and signed the name of A. T. Mc-Glone, road engineer, to said order without the knowledge or consent of A. T. McGlone, road engineer aforesaid; that he then had said order indorsed by the sheriff of Mercer county, after which he presented said order to J. W. Edwards, treasurer of Mercer county, for payment and that he received from said treasurer in payment thereon the aforesaid sum of $167.85; that said orders were alleged to be for work done on the county farm, an amount in the aggregate to the sum of $658.02, and were without any adequate return to the said county of Mercer.''

The petition reiterates the charge that the order was drawn by Judge Davenport without the knowledge or consent of McGlone, road engineer, and that the act of the judge in so drawing the order was illegal, fraudulent and criminal. Most of the material allegations of the petition are traversed in the answer of appellee Davenport. Issue being joined a trial was had before a jury which returned a verdict in favor of Judge Davenport, and the county attorney appeals, urging three grounds for a reversal of the judgment: (1) because the court erred in giving instruction No. A, which we will copy; (2) because the court erred in refusing to give instructions Nos. 1 and 2, which we will also copy; (3) because the proof does not sustain the verdict. Instruction A, which was given by the court, reads as follows:

''You will find for the plaintiff unless you believe from the evidence that the expenditures and items complained of were made in good faith by the defendant in the interest of the county without intent to profit by it, and the county got what it was entitled to and was benefited by the same, in which event you will find for the defendant.''

This was the only instruction given by the court. Those offered by the appellant are as follows:

1. ''If you believe from all the evidence in this case that the doing of the work or any part thereof by the defendant on the county poor farm, or the furnishing material or any part thereof, that was used in connection with said work, was illegal or without any warrant of law, then and in that event, the law is for the plaintiff and you will so find.

2. ''If you believe from all the evidence in this case that the two orders drawn by the defendant in favor of himself and paid to him by the county treasurer, G. W.

Edwards, were for work done by the defendant, on the county farm, and for seed and other material furnished by the defendant in connection with said work in the doing of which work or any part thereof, or in the furnishing of which material or any part thereof, the defendant was interested, either directly or indirectly, or received any money consideration for said work or material, then the law is for the plaintiff and you will so find.''

Let us first examine the instruction given by the court. By it the jury was told to find for plaintiff, county attorney, et al., unless it believed from the evidence that the expenditures made by the county judge were made in good faith in the interest of the county without intent on the part of the county judge to profit by it, and the county got what it was entitled to and was benefited by the same. In other words the right of the county to recover the money sued for was predicated upon the good faith conduct of the county judge in drawing the money and applying it to the purposes for which it was spent, for the jury was in effect told that if it believed from the evidence that the county judge acted in good faith and without intention to make a profit himself by the transaction, and the county got what it was entitled to and was benefited by the same, no recovery could be had. This is not a correct statement of the law as enunciated by this court more than once in such cases.

By section 1844, Kentucky Statutes, it is provided: ''No member of the fiscal court shall be interested, directly or indirectly, or be concerned in any contract for work to be done or material to be furnished for the county, or any district thereof, nor purchase or be interested in any claim against the county, or state.''

A penalty of not less than $500.00 nor more than $5,000.00 is provided for each violation of the statutes. Judge Davenport was a member of the Mercer fiscal court. He had no right to be interested, either directly or indirectly, or in any way concerned in any contract for work to be done, or material to be furnished to the county for its poor farm. He could not sell his services or that of his teams to the county or supply it with material of any kind for the county farm.

From the evidence heard upon the trial, we learn that before the money was drawn by the county judge for which this suit was instituted by the county attorney, the county judge suggested to the fiscal court or to members of that court, that the county owned some land which was lying idle and which could be with profit cultivated in

corn; that the corn was needed for feeding horses and mules owned by the county and which were engaged in work on the public roads. In the general conversation which ensued Judge Davenport was told to attend to the cultivation of the lands and plant a crop of corn on the county farm. This he undertook to do without any order of the fiscal court except verbal statements of the members. The county teams were used in breaking the land and preparing it for cultivation, but later on Judge Davenport, who insists that the county teams were all employed on the roads at the time, hired his team to the county and furnished farming implements and certain seeds and materials to the county. For this he charged what he asserts was a reasonable price for the services and supplies furnished by him to the county. He also employed other persons to perform labor on the county farm and paid them out of his own private funds for their services and then added these items together and drew the two orders amounting to $658.02 and received the money.

In the case of Flowers v. Logan County, reported in 138 Ky. 59, we laid down the following rule: ''If the thing done had been illegal, or not warranted by law, however beneficial it might have been, the public should not be estopped to deny the validity of the expenditure; or where the thing is authorized but it is proposed to do it in an unauthorized manner, upon seasonable complaint those charged with doing the thing will be compelled to execute it as the law directs and prohibited from doing it otherwise. But where the thing is authorized to be done, and is done by the body charged with doing it but done in a manner contrary to that directed by the statutes, the court will not compel the official to pay back the money and let the public continue to enjoy the benefits of its expenditure. If it is made to appear that the expenditure was in good faith and the public has got that which it was entitled to, good conscience forbids the recovery. The law therefore denies it.''

In the case Clark, et al. v. Logan County, 138 Ky. 676, we held that moneys received by the county judge as commissioner of the poor house and for courthouse commissioner for services performed by the county judge and which he claimed were extra services, were recoverable in an action by the county against that official, even though the services were performed in good faith and the county received what it was entitled to and was benefited thereby. The county judge can not engage him-

self to the county to perform services for it outside of his official duties and receive extra compensation; neither can he sell material or supplies to the county or enter into any contract or arrangement with it by which he is to provide it with materials or labor or supplies; and if he does so in violation of section 1844, Kentucky Statutes, the sum or sums received by him in such unlawful manner may be recouped by the county in an action seasonably instituted for that purpose. So it will be seen it does not depend altogether upon the good faith of the county judge, and the instruction given by the trial court did not correctly state the law of the case. Judge Davenport had no authority from the fiscal court to perform the services, or furnish the material for which he drew pay. The fiscal court had authority to have entered into an arrangement with some person, not the county judge, to perform these services and to supply these materials but it did not have authority to enter into such arrangement with the county judge nor did it attempt to do so because it made no order upon the subject. Being a court of record the fiscal court of Mercer county can speak only through its records. The mere fact that some or all of the members of the court in a general conversation at a meeting of the court acquiesced in the suggestion of the county judge that he cultivate certain fields and perform certain services and supply materials to the county, did not authorize the county judge to perform these duties in the absence of an order to that effect, and his good faith is not a complete protection though it is highly commendable. The statute was intended to prevent members of the fiscal court, especially the county judge, entering into contracts with the county. Its purpose was to protect the county against the sinister influences and purposes of its fiscal agencies who might for the purpose of gain enter into contracts much to their own advantage and greatly to the detriment of the county without the public having knowledge of the arrangement. The statute is therefore broad and inclusive and forbids the county judge to be interested, directly or indirectly, or concerned in any contract for work to be done or material to be furnished to the county. To the extent that the county judge undertook to enter into a contract with the county for work to be done or material to be furnished he acted in violation of section 1844, Kentucky Statutes, and the money that he received on this account is

recoverable at the suit of the county attorney for the use and benefit of the county.

The court did not err in refusing to give instruction No. 1, offered by appellants, because it submits to the jury a question of law and not of fact.

Instruction No. 2, offered by appellants, is a fair statement of a principle of law but has no application to the facts of this case, and should not have been given by the court. There was no question of fact triable by a jury. Under the evidence the court should have peremptorily instructed the jury to find and return a verdict for the plaintiffs. If upon another trial the evidence is in substance the same the court will so instruct the jury.

Judgment reversed.