## Logan County v. Edwards.

(Decided December 5, 1924.)

### Appeal from Logan Circuit Court.

1. Counties—Contracts of Officers with Themselves as Individuals Held Void.—Under Ky. Stats., section 1844, contract of public officers with themselves as individuals, either for services or materials to be used by county, are void, and not merely voidable.
2. Counties—County Judge, Acting as Member of Fscal Court, Held Liable for Claims Allowed to Firm of which he was a Member.—Where a county judge, while member of fiscal court of county, allowed numerous claims against county in favor of firm of which he was a member, many of such claims having been purchased by firm, he was liable to county for moneys expended in paying such claims.

HUBERT MEREDITH, I. G. MASON and S. H. BROWN for appellant.

S. Y. TRIMBLE, S. R. CREWDSON and COLEMAN TAYLOR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Reversing.

This suit is by Logan county against Edwards,
former county judge, to recover of him certain named
sums previously paid to him by the county upon differ-
ent claims and which it is alleged were illegal and that
the claims were allowed by the fiscal court while Edwards
was a member thereof and voting for the allowance of
the claims to himself and to the Edwards Dry Goods
Company, of which Judge Edwards was the principal
owner. The lower court sustained a general demurrer
to the petition, and when the county declined to further
plead, dismissed its action, and it prosecutes this appeal.
The question, therefore, is, whether the petition states
facts sufficient to constitute a cause of action in favor of
the plaintiff county against Judge Edwards.

It is averred in the petition:

"Plaintiff further states that during his said
term of office as county judge, and while acting as
the presiding judge of the Logan county fiscal court
and while performing the duties as a member of said
fiscal court, the defendant was a member of the firm
of Edwards Dry Goods Company, doing business in
the city of Russellville, Ky., which said firm was and
is now composed of himself and John W. Edwards,
Jr., and at all the times hereinafter stated the de-
fendant was the owner, or at least the greater owner
of said business conducted under said firm name of
Edwards Dry Goods Company and that there is no
other firm or corporation of like name either in or
out of Logan county.

"Plaintiff further states that during his said
term of office numerous claims against Logan county
were filed by the defendant, allowed by the fiscal
court, of which he was a member and therefore paid
to, and receipted for, by him, that were and are im-
proper and illegal charges against the plaintiff
Logan county and each and all of said charges here-
inafter itemized and fully stated, were allowed and
paid to defendant without any legal authority and
the plaintiff by reason thereof is entitled to recover
of defendant each and all such sums with interest
from the date of their payment to defendant until

the same and each are refunded or repaid. Said claims are as follows:

"Claim for $7.25, for holding inquest on Joe Bryant, allowed by the fiscal court at a called term thereof in December, 1918, paid by warrant No. 922, issued December 9, 1918, which said warrant was paid to defendant by the county treasurer, together with forty-five cents interest on December 24, 1919, that the sum allowed and so paid was $1.25 more than the legal fee for the services alleged to have been rendered, that the defendant was entitled to be paid a fee of $6.00 for the services charged and no more, and the said sum in excess of said amount was unlawful and not authorized by law and the amount above said sum was an unlawful allowance and void."

Several other claims are included in the petition. It is alleged in substance that a number of claims were allowed to Edwards by the fiscal court for services in holding inquests and otherwise which were excessive, the fees charged and collected by Edwards being greater than allowed by law for such services. It is also alleged that sundry claims amounting to several hundred dollars, some large and others small, were allowed to the Edwards Dry Goods Company, of which appellee Edwards was the principal owner, the claims being voted on by Edwards as a member of the fiscal court; that Edwards and his company purchased claims from different persons against the county and collected them from the treasurer of the county, and that the Edwards Dry Goods Company purchased claims against the county and presented them to the treasurer and collected the same. After setting out these various items, the petition avers:

"That the allowance of said above mentioned claims and the payment thereof was not authorized by law, that the same were allowed and paid in open, notorious and wanton violation of the law, that the allowances were violative of section 1844, Kentucky Statutes, that these transactions of the fiscal officers and the fiscal court of the county in making said allowances and orders were and are destructive of the efficiency of the public service and injurious to the public interests of the state and county, and void as against public policy. Not only this but there was

no binding contract on the plaintiff to pay any of said claims and the court was in no wise legally authorized to allow or pay them.''

Section 1844, Kentucky Statutes, provides:

"No member of the fiscal court shall be interested, directly or indirectly, or be concerned in any contract for work to be done or material to be furnished for the county, or any district thereof, nor purchase or be interested in any claim against the county or state. Any member of the fiscal court who shall violate the provisions of this section shall, upon conviction, be fined not less than five hundred dollars ($500.00) nor more than five thousand dollars ($5,000.00) for each offense.''

It will be observed that a member of the fiscal court, as was Edwards, is prohibited from being interested, either directly or indirectly, in any contract for work to be done or material to be furnished for the county or any district thereof, and that members of the fiscal court are forbidden to purchase claims against the county. "A contract made by a public officer," says 22 R. C. L., p. 460, "is against public policy and void, if it interferes with the unbiased discharge of his duty to the public in the exercise of his office, or if it places him in a position inconsistent with his duty to the public, or even if it has a tendency to induce him to violate such duty; and the question of the validity of such contract does not depend upon the circumstances whether it can be shown that the public has actually suffered any detriment or loss. It is also a well-settled rule that a public officer cannot lawfully, on behalf of the public which he represents, contract with himself personally for the performance of services, and if he renders such services and the express contract of payment is void by reason of public policy, he will not be permitted to recover on a *quantum meruit.* . . . Such a contract is void on the ground that it is against public policy to allow a member of a board or council to place himself in a position antagonistic to his duty and obtain a contract for himself from the group of which he is a member.''

The same text says on page 463 of the same volume: "Mere good faith on the part of public officers in making an improper payment of public funds is not recognized as any excuse whatever.''

The statutes, section 1844, is an expression of the public policy of the Commonwealth. Public officers must not be allowed to place themselves in a position where their private interest conflicts with public duty; and if they attempt in their official capacity to contract with themselves as individuals, either for services or for materials to be used by the county, such contracts are void and not merely voidable.

The rule applicable to cases like this was fully considered in Clark v. Logan County, 138 Ky. 676; Black v. Davenport, 189 Ky. 40, and other cases cited in those opinions.

We are thoroughly of opinion that the averments of the petition were sufficient to constitute a cause of action in favor of appellant, Logan county, against appellee Edwards, and the trial court erred to the prejudice of Logan county in sustaining the general demurrer and dismissing appellant's cause.

For the reasons indicated the judgment is reversed for proceedings consistent herewith.

Judgment reversed.