STATE *ex rel. v.* EDGAR PERKINSON.

*(Nashville.* December Term, 1928.)

Opinion filed July 19, 1929.

NOBLE L. FREEMAN, for complainant, appellant.

H. D. DERRICK, for defendant, appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

Relators, citizens of Lawrenceburg, sued under chapter 11, Acts of 1915, to oust defendant from the office of City Commissioner. After hearing the case upon answer and proof, the Chancellor dismissed the petition and relators appealed. The acts upon which they seek to remove defendant from office are: His sale of a strip of land thirty by eighty-four feet to the city, the sale by defendant of 850 feet of lumber to the city for $18.02, and his acceptance while City Commissioner of the position of City Manager at a salary of $100 a month.

The defendant bought the land by direction of the City Commissioners, or a majority of its members. The city needed a strip thirty feet wide across the property of

Hall and Dugger for a street. After some negotiation with the owners of the property the defendant, acting for the city, bought and took title to the Hall lot for $300 and the Dugger house and lot for $2425. He then cut off of these two lots the strip thirty by eighty-four feet and conveyed it to the city for $1200 and sold the remainder for $1535. Notary's and recording fee and other expenses incident to the transfer make up the difference in the cost and selling price of the property. In this transaction the defendant was in fact the agent through which the city acquired the necessary right-of-way for a street.

Defendant's associates on the Commission induced him to serve as City Commissioner by agreeing to reduce their compensation and proportionately increase his as a means of compensating him for services in the capacity of City Manager. In this arrangement the maximum salary of the City Commission was not exceeded.

The item of $18.02 for lumber was supplied by defendant in an emergency for use in repairing a bridge. The undisputed evidence is that the lumber was delivered to the city at its market value and no profit was intended or in fact made from the transaction.

In all of these transactions it appears that the defendant acted in good faith. As said in *State* v. *Bush*, 141 Tenn., 229, proceedings under the Ouster Law should not be brought except in clear cases of official dereliction. The statute was intended as a remedy for the removal of public officers for wilful official misconduct or wilful neglect of official duty and for certain acts involving moral turpitude. It is not insisted that the defendant's acts involved moral turpitude or that he wilfully neglected to perform any official duty, but that he was guilty of violating a statute.

Counsel for relators refers to and relies upon sections 1133-35 of Shannon's Code, chapter 92, Acts of 1869-70, which makes it unlawful for county or municipal officers to become interested in contracts with a county or city. Such contracts cannot be enforced by the officers and in contracting with the city or county an official subjects himself to the hazard of removal from office.

By a uniform line of decisions, contracts in violation of the statute have been declared void. This is true though the official contracted in good faith. But where the act is invoked as basis for ouster under chapter 11, Acts of 1915, a distinction must be drawn between the acts done in good faith but unenforcible because the statute makes them so, and acts of wilful misconduct, as where a public officer corruptly and fraudulently abuses his powers in making the contract. In the first instance the contract could not be enforced. In the latter the officer may be indicted for official corruption (22 R. C. L., 488; *State* v. *West,* 14 Lea, 39) and removed from office under the Ouster Law. The remedies are concurrent.

Misconduct that would support a proceeding under the Ouster Law would sustain an indictment under the common law. But public officials acting in good faith, who, through ignorance, error or oversight, run counter to a charter provision or some statute law, did not subject themselves to indictment and removal from office at common law, and under similar circumstances could not be removed from office under the Ouster Law.

Affirmed.