STATE *ex rel.* G. A. BARNES *et al.*, COMPLAINANTS, APPEL-
LANTS, *v.* L. ROY STILLWELL, DEFENDANT, APPELLEE.[*]

(*Knoxville,* September Term, 1932.)

Opinion filed November 26, 1932.

---

*As to necessity of wilfulness of public officer to cause removal, see 22 R. C. L., 570, 571; R. C. L. Perm. Supp., p. 5231.

On fraudulent intent as essential part of forgery, see 12 R. C. L., 142; R. C. L. Pocket Part, title "Forgery," section 5.

CHAS. C. GUINN, for complainants, appellants.

D. SULLINS STUART and CHAS. S. MAYFIELD, for defendant, appellee.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is a proceeding instituted by relators for the removal of the defendant, Stillwell, from the office of Justice of the Peace for Polk County. The Chancellor dismissed the bill and the relators have appealed.

The cause was heard by the Chancellor upon a stipulation of counsel, in lieu of proof. Some facts were stipulated as true, but as to the merits of the cause the stipulation recites that the three witnesses had given their testimony on the preliminary hearing for suspension, ''and that said testimony may for the purpose of a final hearing in this cause be taken, deemed and treated as the testimony of said parties in all respects as if they had been reexamined and so testified at this hearing.'' Then follows the testimony of each of the three witnesses.

The appellee has moved for an affirmance, on the ground that this stipulation was not made a part of the record by bill of exceptions, and on the ground that no motion for a new trial was made.

The cause is prosecuted in accord with the provisions of Acts 1915, chapter 11, known as the ouster law, and brought into the Code at section 1877, et seq. It is provided in section 1888 that such a proceeding ''shall be conducted in accordance with the procedure of courts of chancery, where not otherwise expressly provided herein.''

The material proof having been submitted to the Chancellor in the form of a written stipulation of the testimony of each witness, this stipulation was equivalent to the deposition of each witness, so that the proof was submitted to the Chancellor as in the form of depositions. The cause was heard by the Chancellor, therefore, in strict accord with the forms of chancery, and the stipulated proof is a part of the record on appeal, without a bill of exceptions, just as the depositions themselves would form a part of the record. And since the cause was tried according to the forms of chancery, no motion for a new trial was required.

The motion of the appellee for an affirmance is accordingly denied.

▮ The Chancellor declined to decree the removal of Stillwell on the ground that the proof failed to convict him of any wilful or intentional misconduct in office, and failed to establish his guilt of an offense involving moral turpitude.

There is no essential or material difference in the testimony of the three witnesses, and the material facts are as found by the Chancellor on the preliminary hearing before him. Stillwell was twenty-three years of age; had been a justice of the peace only a few months; and was without knowledge or experience in the requirement of legal procedure. Application was made to him by an officer for a search warrant for the search of a particular automobile in charge of four negroes whose names were not known to the officer. Stillwell had never seen a search warrant and sought the advice of W. A. Woody, who had served as circuit court clerk for a number of years, and who was familiar with such methods. Acting on Woody's advice, and using a blank furnished by Woody, Stillwell issued the warrant for the search of John Doe and three other colored men. Upon the return of the warrant, Stillwell prepared and signed a new warrant containing the proper names of the four men, and filed this new warrant in the circuit court as the one under the authority of which the search was made. Stillwell testified that this was done on the advice of Mr. Woody, in the belief that it was proper, and that he had no intention to do anything wrong. His disclaimer of any intent to exceed his lawful power was supported by the uncontradicted evidence of his good reputation and was accepted at its face value by the

Chancellor. Woody and Price do not deny that Stillwell was advised by Woody that this was the proper thing to do, Mr. Woody saying in his testimony, "this may have and did perhaps occur."

We agree with the Chancellor that the action of the appellee was due solely to his ignorance and inexperience and to a lack of knowledge of his duties as a judicial officer, and of the requirements of the law in such matters. This being true, it is obvious that the appellee is not guilty of wilful misconduct in office requiring his removal. *State ex rel.* v. *Bush,* 141 Tenn., 229; *State ex rel.* v. *Perkinson,* 159 Tenn., 442.

■ It is, however, contended for the relators that the execution of the new warrant by Stillwell, and its substitution for the warrant originally issued, was a forgery within the definition of that offense in the criminal statutes, and that therefore the appellee is shown to have been guilty of the violation of a penal statute involving moral turpitude, which the ouster law constitutes a ground for the forfeit of his office. Code of 1932, section 1877.

Forgery, as defined in the Code, section 10979, "is the fraudulent making or alteration of any writing to the prejudice of another's rights." Fraudulent intent on the part of the accused in the making or alteration of the writing is essential to the offense. *Wiggins* v. *State,* 69 Tenn., 738; *Luttrell* v. *State,* 85 Tenn., 236. Otherwise the making of the writing is not fraudulent.

■ Notwithstanding the proof that Stillwell acted in the belief that he was doing no wrong, and that he was authorized to prepare the warrant after the search, negativing any actual fraudulent intent, it is contended for the relators that he had no such authority and that

the fraudulent intent must be presumed because a person cannot rely upon ignorance of the law to excuse or justify his lawful acts.

We do not think the application of this maxim, that ignorance of the law does not excuse, can be given the effect of imputing a fraudulent intent to Stillwell when the proof is that in fact he had no such intent. In 26 Corpus Juris, 903-904, dealing with the general subject of forgery, the text reads: "The second element of the crime of forgery is the knowledge of the falsity of the instrument and the intent to defraud. This is of the very essence of the offense and without proof of it there can be no conviction, in the absence of some statute changing the rule. Accordingly, one who makes or alters an instrument in good faith, with the honest belief in his authority to do so, or in ignorance of the effect of his act, is not guilty of forgery. And the fact that the authority is in fact insufficient and void is not material."

Under the proof in this cause we are, therefore, of the opinion that the plaintiff in error is not guilty of the crime of forgery because of the absence of the essential intent to defraud. We, therefore, conclude that the evidence fails to establish his guilt of an offense involving moral turpitude.

The decree of the Chancellor dismissing the bill is accordingly affirmed.