## CORNUTT v. CLAY COUNTY.
### No. 1321.

Court of Civil Appeals of Texas. Eastland.
Oct. 12, 1934.

Taylor, Muse & Taylor, of Wichita Falls, for appellant.

Earl Hall, of Henrietta, for appellee.

LESLIE, Justice.

This suit was instituted by W. E. Cornutt against Clay county to recover $375 alleged to be due him by the county for the use of a truck owned by him and used by him for the benefit of the county in the construction and maintenance of the public roads while he was a county commissioner of that county. The facts were fully alleged disclosing, in substance, that the truck was so used for the purposes mentioned, and that the use thereof was fully known to the county judge and other commissioners. The pleadings further show that the claim was presented to the court after the plaintiff ceased to be a member thereof; that the court recognized the correctness of said account in so far as "the value of the use of said truck" was concerned, but otherwise rejected the claim, and refused its payment.

The defendant, Clay county, answered by general demurrer, special exception, and answered to the merits. The court upon hearing the general demurrer sustained the same, and upon the appellant's failure to amend, dismissed his suit; wherefore he appeals.

Because the court signified a view that the bill presented was reasonable in the sum demanded for the use made of the truck, the appellant contends the claim thereupon became "an account stated," and that the petition was not, therefore, subject to demurrer. It will be remembered, however, the petition fully and specifically sets out the origin of the claim and the official position held by the appellant in Clay county where the truck was used.

In one part of the petition the appellant alleges that the truck was used for the benefit of the county with the knowledge and acquiescence of the other members of the court. In a following paragraph he alleges that since the court agreed to the justice of the charge in so far as the value of the services is concerned, the claim thereby became "an account stated." It thus appears that the appellant was attempting to recover on either an implied or express contract. There could be no implied contract, for contracts are not implied in contravention of the law and public policy. For the same reason there was no express contract.

In any event, how are such claims regarded in law when sought to be enforced in a court of justice? Before entering upon the duties of his office, it was necessary for the appellant to take upon himself an oath that he would not, directly or indirectly, be interested in any contract with, or claim against, the county in which he resides except such warrants as were issued to him as fees of office. Article 2340, R. S. 1925. The Penal Code makes some provision for an officer's violation of duty in this respect. Article 373 thereof provides: "If any officer of any county * * * shall become in any manner pecuniarily interested in any contracts made by such county * * * through its agents, or otherwise, for the construction or repair of any bridge, road * * * or any other work undertaken by such county * * * or shall become interested in any bid or proposal for such work * * * or who shall contract for or receive any money or property * * * or any emolument or advantage whatsoever in consideration of such bid, proposal, contract, purchase or sale, he shall be fined not less than fifty nor more than five hundred dollars."

Article 371 of the Penal Code also provides that "any officer of any county * * * who shall contract directly or indirectly, or become in any way interested in any contract for the purchase of any draft or order on the treasurer of such county * * * or any other debt, claim or demand, * * * shall be fined not less than ten nor more than twenty times the amount of the order. * * *"

From the foregoing, it is obvious that the appellant's claim, as disclosed by his pleading, is against the law and public policy. Any claim on the part of such public official that rests upon any character of con-

tract between himself and the county which he has sworn to serve, is obnoxious to sound public policy and ought never to be enforced. No other basis of liability was asserted by the plaintiff.

Such claims, or purported contracts, are void and unenforceable. Extended comment upon the principles of law involved is unnecessary. In addition to the authorities above cited which warrant the judgment of the trial court, the following additional authorities are cited: Knippa v. Stewart Iron Works (Tex. Civ. App.) 66 S. W. 322; N. C. Read, Ex'r, v. Syd Smith, 60 Tex. 379; Rigby v. State, 27 Tex. App. 55, 10 S. W. 760; Polk, County Judge, v. Roebuck et al. (Tex. Civ. App.) 184 S. W. 513; Logan County v. Edwards, 206 Ky. 53, 266 S. W. 917; McLain et al. v. Miller County, 180 Ark. 828, 23 S.W. (2d) 264; State ex rel. Citizens of Lawrenceburg v. Perkinson, 159 Tenn. 442, 19 S.W. (2d) 254.

For the reasons assigned, the judgment of the trial court is affirmed.