70 N.J. Super. 601 (1961)
176 A.2d 41
EARL R. CALLOWAY, PLAINTIFF,
v.
BOROUGH OF WILDWOOD CREST, ET ALS., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 1, 1961.
*602 Mr. Marvin D. Perskie (Messrs. Perskie and Perskie, attorneys), argued the cause for plaintiff.
Mr. Jonathan W. Acton, attorney for defendants.
CAFIERO, J.S.C.
This is an action in which it is sought to have the sale of certain borough land declared illegal and void, and also to restrain the borough assessor from participating in the consummation of future sales in his capacity as a licensed real estate broker.
It has been the custom for the Borough of Wildwood Crest, pursuant to N.J.S.A. 40:60-26, to pay real estate brokers a commission of 5% of the sales price when they are the successful high bidders at public sales of borough land.
On August 28, 1961 the plaintiff and the defendant James Dennison, both licensed real estate brokers, participated in the sale of Lots 2 and 3, Block 185, which the borough had offered at public sale at a minimum price of $1,000. The defendant James Dennison submitted the highest bid of $1,300 in behalf of the defendants, John F. Barbieri and F. Muriel Barbieri, who also were in attendance. The sale to them was confirmed at a subsequent meeting of the borough commissioners.
The proceedings are not questioned. It is agreed that they were in full compliance with the statute. This action arises from the fact that defendant James Dennison is the *603 assessor for the Borough of Wildwood Crest and the brother-in-law of Mayor Nesbitt. He is also a real estate broker associated with the Ocean Crest Realty Co., in which two of his associates are Maurice M. Hayman, the municipal magistrate, and Lawrence Beradelli, the secretary of the Board of Taxation of the County of Cape May.
At the sale plaintiff protested the participation of Mr. Dennison. Later, at the meeting of the borough commissioners, he also protested the unanimous confirmation of the sale by the mayor and commissioners. As a taxpayer and also as an interested and specially affected party, he seeks to have the sale declared void and illegal and to have adjudicated the disqualification of the defendant James Dennison to so participate in future public sales in the borough because of a conflict of interests.
A conflict of interest question arises whenever there is an interference with, or an overlapping of, the duties and obligations owed by a public officer by virtue of his personal and private pursuits. The problem of conflicting interests of municipal officers is complex on a local level since many municipal officers hold other jobs and have other interests in addition to their public position. "Some assessors are mechanics, plumbers, or clerks; some are professional men; some are business men; and some are housewives. They are chosen from every occupation and walk of life." Village of Ridgefield Park v. Bergen County Bd. of Taxation, 61 N.J. Super. 170 (Law Div. 1960). Defendant Dennison was a licensed real estate broker. In his public office as municipal assessor, he "is the agent of the Legislature for the purpose of valuing property within the municipality for the purpose of taxation." Ridgefield Park v. Bergen County Bd. of Taxation, supra; State (Keeler, Prosecutor) v. Tindell, 36 N.J.L. 97 (Sup. Ct. 1872).
The question is whether Dennison, by reason of his personal interest in obtaining commissions as a real estate broker, is placed in a situation of temptation to serve his *604 own purposes to the prejudice of those for whom the law authorizes him to act as assessor. Aldom v. Borough of Roseland, 42 N.J. Super. 495 (App. Div. 1956). It is possible that the public position he holds and the personal and business relationships existing between himself and other public officers of the community could give him an advantage over other licensed real estate brokers who might seek clients to represent at such public sales, but this question is not relevant to the cause of action for which plaintiff seeks judgment. It could in no way influence the bidding at the sale. The evidence presented conclusively shows that Dennison in his official capacity had nothing to do with fixing the minimum price of any property to be sold at public sale; he did nothing to prevent competitive bidding. There is no evidence that the official conducting the sale favored him because he was the assessor or because his business associates were also public officers, or by reason of his family relationship to the mayor. He did not at any time give the impression that he was bidding for himself. As assessor he had no official connection with the procedures and circumstances leading up to the sale. However, because his assessor's office was in the municipal building, he was in a position to acquire advance notice that a public sale was to be held. This, in itself, could only benefit his private business interests in that he had a longer period of time than other realtors in the community to look for possible bidders to represent at the sale. It was not prejudicial to the public and, in fact, it is foreseeable that the public might benefit by having more willing and able bidders at the sale. In his official capacity he had no connection with the bidding at the sale, or the confirmation of the sale to his clients. His interest was the same as any other realtor bidding at a public sale for a client. There was no evidence of any personal interest on his part in conflict with his sworn duty to fairly determine the value of real property in the municipality for purposes of taxation.
*605 Nor do we find that the mayor was guilty of such conduct as would taint the matter because of a conflict of interest. Plaintiff contends that as the brother-in-law of the defendant Dennison he should have disqualified himself from voting for the confirmation of the sale, since by doing so he was approving the payment of the 5% commission to a relative, which act was in conflict with his serving the best interests of the public. It is quite probable that the mayor might have a personal interest in the success of his brother-in-law's business ventures; but in that interest in this case, there was no potential for influencing the sale to his brother-in-law as agent for the highest bidders. In voting in favor of the confirmation he did not in any way prejudice those to whom he owed the public duty of looking after their best interests. He had no irregular, improper or illegal interest in this transaction whatsoever, and his personal interest did not interfere with the unbiased discharge of his duty to the public or prevent his exercise of absolute loyalty and undivided allegiance to the best interests of the municipality. He exercised no influence over the bidding. He received no pecuniary or other personal benefit from the sale. The commission of 5% paid to his brother-in-law was no different from that which would have been paid to the plaintiff had he been the successful bidder, or to any other realtor. He had no personal, private interest in the sale. The interest of the defendant Dennison as highest bidder was not adverse to those of the public, and therefore the relationship existing between the mayor and his brother-in-law was not such as would create a conflict of interest. The mayor's interest was so remote and contingent as not to warrant disqualification. S. & L. Associates v. Washington Township, 61 N.J. Super. 312 (App. Div. 1960).
On the facts stated, we find no reason to declare the sale void and illegal and the prayer for such relief is denied.
We do not find the evidence to be sufficient to warrant *606 the issuance of a restraint or to disqualify the defendant James Dennison from participating in future sales.
"The decision as to whether a particular interest is sufficient to disqualify is necessarily a factual one and depends upon the circumstances of the particular case. * * * The question will always be whether the circumstances could reasonably be interpreted to show that they had the likely capacity to tempt the official to depart from his sworn public duty." Van Itallie v. Borough of Franklin Lakes, 28 N.J. 258 (1958).
The facts stipulated in this case do not so indicate. Therefore, the prayer for this relief is also denied.
Judgment will be entered accordingly. Submit order.