**STATE ex rel. SCHROEDER, Appellant,**

**v.**

**Walter W. McALLISTER et al., Appellees.**

**No. 14093.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 20, 1963.

Rehearing Denied March 20, 1963.

Charles J. Lieck, Jr., Maury Maverick, Jr., Arthur M. Gochman, San Antonio, for appellant.

Harvey L. Hardy, San Antonio, for appellees.

POPE, Justice.

This is a quo warranto proceeding which seeks the ouster of seven of the eight councilmen of the City of San Antonio. The trial court granted a summary judgment in favor of the seven councilmen. Roland Bremer, the eighth councilman is not here involved, as the cause against him was severed from this quo warranto action.

The dispute arose in August, 1961, when the seven councilmen authorized the City's sale of a lot to the construction firm of Bremer & Wilhelm. Bremer, the city councilman, was a member of that firm to which the lot was conveyed. In early October, 1961, Elton E. Schroeder protested the sale by letter addressed to all members of the Council, the City Manager, and the City Attorney. Thereafter, on October 18, 1961, the Council ratified the sale and the conveyance was then made.

This appeal concerns the seven members who authorized the sale, and not the councilman who received the property. The legal basis for the claimed ouster of the seven councilmen is found in Section 141 of the City Charter of San Antonio, and Article 373, Vernon's Ann.Penal Code. The Charter provision is:

> "No officer or employee of the City shall have a financial interest, direct or indirect, in any contract with the City, or shall be financially interested, directly or indirectly, in the sale to the City of any land, materials, supplies or service, except on behalf of the City as an officer or employee. Any willful violation of this section shall constitute malfeasance in office, and any officer or employee guilty thereof shall thereby forfeit his office or position. Any violation of this section, with the knowledge, expressed or implied, of the person or corporation contracting with the Council shall render the contract in-

volved voidable by the City Manager or the Council."

Article 373 of the Penal Code provides:

"If any officer of any county, or of any city or town shall become in any manner pecuniarily interested in any contracts made by such county, city or town, through its agents, or otherwise, for the construction or repair of any bridge, road, street, alley or house, or any other work undertaken by such county, city or town, or shall become interested in any bid or proposal for such work or in the purchase or sale of anything made for or on account of such county, city or town, or who shall contract for or receive any money or property, or the representative of either, or any emolument or advantage whatsoever in consideration of such bid, proposal, contract, purchase or sale, he shall be fined not less than fifty nor more than five hundred dollars."

■■ State ex rel. Edwards v. Reyna, 160 Tex. 404, 333 S.W.2d 832, shows that ouster laws are penal in character and must be strictly construed as though defining a crime and prescribing punishment. State ex rel. Hickman v. Alcorn, 78 Tex. 387, 14 S.W. 663. It reviews many cases and concludes that a duly elected public official may not be removed from office except for the violation of some rule established by a Legislature or some comparable local authority. If, therefore, the seven councilmen should be removed under the case as alleged and before us, it must be by reason of the provisions found either in Section 141 of the City Charter or Article 373 of the Penal Code.

■ The appeal has been briefed chiefly to prove that there is a fact issue that the seven councilmen acted willfully. In our opinion, however, there is a matter of construction of the Charter and Penal Code which must be determined before we reach the matter of willfulness. The Charter

provision makes it wrongful for an officer or employee to have a financial interest, direct or indirect, in any city contract, or to be financially interested, directly or indirectly, in the sale to the City of any land, materials, supplies or service. The Penal Code makes it a violation for any officer to become in any manner pecuniarily interested in any contracts of the City. Perhaps, without a strict construction called for by State ex rel. Edwards v. Reyna, supra, and certainly with such a construction, the person to whom the cited Charter and Code provisions extend their thrust is the one who has benefited financially or pecuniarily. Nothing in either the pleadings or the affidavits forming a part of the summary judgment proceeding shows that any one of the seven councilmen here involved received any financial benefits by voting, whether wisely or not, to convey the lot to the eighth councilman.

The judgment is affirmed.