

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL.

October 18, 1972

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas 78701

Opinion No. M-1236

Re: Whether the interest
of trustees of an
independent school
district in certain
contracts with the
district renders said
contracts void

Dear Dr. Edgar:

Your recent letter requesting the opinion of this office concerning the referenced matter poses the following questions:

"1. School district trustee A (of the district) currently is an administrative employee (not an officer) of X-oil company. Like other such employees, he purchases from his salary stock in the company. As compared to total shares outstanding, his stock ownership is inappreciable.

"Y-company is a franchise distributor of gasoline and lubrication products purchased from X-oil company. Assuming, where applicable, compliance with Sections 21.901(a) and (d), Texas Education Code (1971) V.T.C.S.--

"Query 1: Legally, may a school district purchase from Y-company gasoline and/or lubrication products; viz., from a local distributor for X-oil company in which a trustee of the district owns shares of stock?

"2. Another trustee, B, is a stockholder in W-company. Presently he owns 100 shares of a total

-6053-

3,080 outstanding. When a contemplated reorganization is completed, he will own 620 shares out of 6,480.

"Query 2: Legally, may the school district purchase products and/or services from W-company–– in which trustee B is a stockholder?

"3. The same school district owns 12 acres of land which, when bought, was acquired for school construction purposes. Now, the land because of commercial development in the area is not regarded to be serviceable as a school site. Recently, W-company (in which trustee B holds stock) offered to buy the land. An option to purchase the tract was approved by the school board.

"Assuming compliance with Article 5421c-12, V.T.C.S., and Section 23.30, Texas Education Code (1971) V.T.C.S.,

"Query 3: Legally, may the school district board sell and convey the land to W-company––be it determined the successful bidder––, where trustee B is a stockholder in W-company?"

We believe your three questions pose, in essence, but one issue to be resolved: May the board of trustees of an independent school district legally contract with a company in which one of its trustees is a stockholder?

For purposes of this Opinion, we assume, as stated in your letter, that Sections 21.901 and 23.30, Texas Education Code, and/or Article 5421c-12, where applicable, have been complied with.

While Texas has a penal statute (Article 373, Vernon's Penal Code) and a civil statute (Article 2340, Vernon's Civil Statutes) prohibiting contractual conflicts of interest between

city and county officials and the entities such officials represent, there is no statutory prohibition in the Texas Education Code applicable to contractual conflicts of interest of school board trustees. However, conflicts of interest of school board trustees have long been held violative of the common law of this State, and contracts involving such conflict have been held void and against public policy. 47 Tex.Jur.2d 160, Public Officers, Sec. 121; Edinburg. v. Ellis, 50 S.W.2d 99 (Tex.Comm.App. 1933); Cornutt v. Clay County, 75 S.W.2d 299 (Tex.Civ.App. 1934, no writ); Bexar County v. Wentworth, 378 S.W.2d 126 (Tex.Civ.App. 1964, error ref., n.r.e.); and Delta Electric Const. Co. v. City of San Antonio, 473 S.W.2d 602 (Tex.Civ.App. 1969, error ref., n.r.e.).

As long ago stated in the leading case of Meyers v. Walker, 276 S.W. 305 (Tex.Civ.App. 1925, no writ),

". . . If a public official directly or indirectly has a pecuniary interest in a contract, no matter how honest he may be, and although he may not be influenced by the interest, such a contract so made is violative of the spirit and letter of our law, and is against public policy." 276 S.W. at 307 (emphasis added.)

Moreover,

"It is the general rule that municipal contracts in which officers or employees of the city have a personal pecuniary interest are void. . . . The foregoing rule rests upon sound public policy. Its object is to insure to the city strict fidelity upon the part of those who represent it and manage its affairs. The rule prohibiting public officers from being interested in public contracts should be scrupulously enforced." Edinburg v. Ellis, op. cit. supra, at 100. (emphasis added.)

Furthermore, this office has many times held void contracts entered into by school board trustees, or other public officers, where such officers, either directly or indirectly, have a pecuniary interest in the contracts. Attorney General's Opinions Nos. O-878 (1939), O-1014 (1939), O-1589 (1939), O-2306 (1940), O-2758 (1940), O-4000 (1941), O-4590 (1942), O-6280 (1944), O-6876 (1946), WW-1362 (1962), M-340 (1969), and M-751 (1970), inter alia; contra, V-663 (1948). Cf. Attorney General's Opinions Nos. M-625 (1970) and M-987 (1971).

Where the pecuniary interest of a public officer in a transaction is remote, as where the officer owns but a miniscule percentage of stock in a corporation, or where he is but a mere employee, rather than an officer or director, of such corporation, his interest is not one of such a degree that will render invalid the transaction in which his interest is involved. State v. Robinson, 2 N.W.2d 183 (N.D.Sup. 1942); State v. McAllister, 365 S.W.2d 696 (Tex.Civ.App. 1963, no writ); Calloway v. Borough of Wildwood Crest, 176 A.2d 41 (N.J.App. Div. 1961); Voelcker v. Schnell, 166 N.Y.S. 420 (N.Y.App.Div. 1917); and 10 McQuillin on Municipal Corporations 473 (3rd Ed. 1966).

The foregoing statement of the law is in consonance with the reasoning of Attorney General's Opinion No. M-625 (1970), construing Section 18 of Article III of the Constitution of Texas, which provides

". . . . nor shall any member of the Legislature be interested, either directly or indirectly, in any contract with the State . . . authorized by any law passed during the term for which he was elected."

That Opinion stated as follows:

"The general rule would prohibit a corporation in which a legislator is a stockholder from contracting with the State. . . .

"In our opinion, however, it is necessary in each case presented to examine a number of relevant factors in order to determine whether the legislator actually owns an interest of the kind within the prohibition of the Constitution. It is essential to determine whether the legislator is an officer or director of the corporation, whether he is influential in the management of the corporation through any other circumstance, whether he owns in his own name or beneficially a substantial interest in a closely held corporation, or whether his interest is in fact a minor interest in a corporation with many shares widely distributed so that his ownership entitles him to no substantial share in the management or earnings of the corporation.

". . . .

"To construe the constitutional provision so strictly that it would apply where a legislator owned an insubstantial interest in a large corporation with many shares widely distributed, and where he had no control or meaningful influence in the management of the corporation would probably bring into question many State and county contracts entered into in good faith with suppliers of goods and services essential to the operation of the State and county governments."

Our answer to your first question is that the school district may lawfully purchase from company Y. Trustee A is not employed by company Y at all. His only connection seems to be with company X, who sells to company Y. Trustee A is not an officer of X company, and his shareholdings in that company are inappreciable in relation to the number of shares outstanding. Under the facts companies X and Y are separate legal entities. Commonwealth of Massachusetts v. Davis, 140 Tex. 398, 168 S.W.2d 216 (1943); State v. Humble Oil & Refining Co., 263 S.W. 319, 325 (Tex.Civ.App. 1924 error ref.). These facts

and authorities are distinguished from those in Attorney General Opinion No. WW-1362 (1962) relating to a consignee.

In reply to your second question, it is our opinion that the district may not purchase products or services from W company. Trustee B's interest there after the reorganization will be nearly 10%; in legal contemplation, a substantial interest in the company.

In reply to your third question, our opinion is that the board of trustees may not complete the sale of the land to W company, because of the conflict of interest between trustee B and W company, in which trustee B is a stockholder. The prior opinion of this office, No. O-878 (1939), held that a similar type of proposed transaction was illegal even though a trustee of a school district took no part in letting the contract, which was let on competitive bid.

## S U M M A R Y

Where a school trustee owns an inappreciable part of the shares of X company, and X company supplies Y company, the school district may lawfully contract with Y company.

Where a school trustee owns, or following a reorganization will own, nearly 10% of the shares of W company, the school district may not lawfully purchase supplies or services from W company.

Where a school district owns land it may not sell the land to a company in which a school trustee is interested.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

-6058-

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

John Reeves
Jack Goodman
Rex White
Houghton Brownlee

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant