

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 10, 1975

The Honorable Clarence L. Darter
County Attorney
Childress County
Childress, Texas 79201

Dear Mr. Darter:

Opinion No. H- 624

Re: Authority of commissioners
court to purchase supplies from
a cooperative in which one com-
missioner is a member.

You ask if it would be legal for a commissioners court to purchase supplies for county road machinery from a farmers' cooperative in which one of the commissioners owns a small share. You explain the functions of the cooperative:

> [The cooperative] was created in 1970 and members could purchase a share in the Cooperative for $200.00 each. A member could only purchase one share. The Cooperative sold its merchandise, consisting of diesel, gas, oil, chemicals, and other items to not only the members but also to the public at retail. At the end of the year, the members of the Cooperative received a refund or dividend on the amount that they had purchased for themselves, 20% in cash and 80% to go back into the business as their equity in the business and is used to expand their business and service to the public and to members. They do not receive any dividend or refund on the purchases made by the general public or non-members. The member's refund or dividend depends upon the amount that was sold overall, after all expenses were taken care of from the profit of the business as a whole.

Article 2340, V.T.C.S., provides:

> Before entering upon the duties of their office, the county judge and each commissioner shall take the official oath, and shall also <u>take a written oath that he will not be</u>

p. 2765

> directly or indirectly interested in any contract with,
> or claim against, the county in which he resides,
> except such warrants as may issue to him as fees of
> office. Each commissioner shall execute a bond to
> be approved by the county judge in the sum of three
> thousand dollars, payable to the county treasurer,
> conditioned for the faithful performance of the duties of
> his office, that he will pay over to his county all moneys
> illegally paid to him out of county funds, as voluntary
> payments or otherwise, and that he will not vote or
> give his consent to pay out county funds except for
> lawful purposes. (Emphasis added)

The design of article 2340 is to eliminate any conflicts of interest between the county and those who manage its fiscal affairs. See Attorney General Opinion M-1140 (1972); Bexar County v. Wentworth, 378 S. W. 2d 126 (Tex. Civ. App. --San Antonio 1964, writ ref'd. , n. r. e. ).

In our opinion, based on the facts outlined above, a commissioner who owns a share of the cooperative is indirectly interested, within the meaning of article 2340, in any contracts made by the commissioners court with the cooperative.

While the interest involved here appears so negligible as to be insignificant, the controlling statute is cast in absolute terms and the public policy of the matter is clear: members of a commissioners court must avoid all situations which result in their personal pecuniary gain at the expense of the county. See Attorney General Opinion H-329 (1974). Compare Attorney General Opinions H-354 (1974) and M-1236 (1972). Contracts by the county which have such a result are contrary to public policy and are void. Bexar County v. Wentworth, supra; Starr County v. Guerra, 297 S. W. 2d 379 (Tex. Civ. App. --San Antonio 1956, no writ); Cornutt v. Clay County, 75 S. W. 2d 299 (Tex. Civ. App. --Eastland 1934, no writ); Meyers v. Walker, 276 S. W. 305 (Tex. Civ. App. --Eastland 1925, no writ); Knippa v. Stewart Iron Works, 66 S. W. 322 (Tex. Civ. App. --1902, no writ); Rigby v. State, 10 S. W. 760(Tex. Civ. App. --1889, no writ). See also Attorney General Opinion M-340 (1969); City of Edinburg v. Ellis, 59 S. W. 2d 99 (Tex. Comm. 1933, approved); Delta Electric Construction Co. v. City of San Antonio, 437 S. W. 2d 602 (Tex. Civ. App. --San Antonio 1969, writ ref'd. , n. r. e. ).

SUMMARY

A commissioners court may not legally purchase supplies from a farmers' cooperative in which a commissioner owns one or more shares.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee