

# THE ATTORNEY GENERAL
## OF TEXAS

February 11, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Robert P. McGuill
Refugio County Attorney
P. O. Box 307
Refugio, Texas    78377

Opinion No.  JM-855

Re:    Whether a county com-
missioner may  contract with
his county  to lease  hangar
space at  a  county  airport
for the purpose of operating
a private business (RQ-1306)

Dear Mr. McGuill:

You ask the following question:

> May a  county commissioner,  directly  or
> indirectly, contract with a county to  lease
> hangar space  at a  county airport  for  the
> purpose  of  operating  a  private  business
> enterprise for profit without violating  his
> oath of  office  as  set  forth  in  section
> 81.002 of the Local Government Code?

In asking your question, you explain that the commis-
sioner would  use  approximately  30,000  square  feet  of
hangar space, rented at $56.25 per year, for the operation
of a  private flying  service.  Section  81.002(a) of  the
Local Government Code provides:

> (a)   Before undertaking the duties of the
> county judge  or  <u>a county  commissioner</u>,  a
> person <u>must</u> take the official oath and <u>swear
> in writing  that  the  person  will  not  be
> interested, directly  or  indirectly,  in  a
> contract with  or claim  against the  county</u>
> except:
>
> (1)  a  contract  or  claim  expressly
> authorized by law; or
>
> (2)  a  warrant  issued  to the  judge  or
> commissioner as a fee of office.   (Emphasis
> added.)

Prior to its incorporation into the code, this provision was designated as article 2340, V.T.C.S. While the language in section 81.002 is not identical to that formerly found in article 2340, it is very similar, reflecting the legislative intent to enact a non-substantive revision of the law. See Acts 1987, 70th Leg., ch. 149, §51. In that form, the law was subject to many interpretations, most of which arrived at the same conclusion as that found in Attorney General Opinion H-624 (1975). That opinion dealt with a county commissioner who owned a share in a farmer's cooperative, which was doing business with the county. The Attorney General concluded:

> While the interest involved here appears so negligible as to be insignificant, the controlling statute is cast in absolute terms and the public policy of the matter is clear: members of a commissioners court must avoid all situations which result in their personal pecuniary gain at the expense of the county. See Attorney General Opinion H-329 (1974). Compare Attorney General Opinions H-354 (1974) and M-1236 (1972). Contracts by the county which have such a result are contrary to public policy and are void. Bexar County v. Wentworth, supra; Starr County v. Guerra, 297 S.W.2d 379 (Tex. Civ. App.; = San Antonio, 1956 no writ); Eastland 1925, no writ); Knippa v. Stewart Iron Works, 66 S.W. 322 (Tex. Civ. App. - 1902, no writ); Rigby v. State, 10 S.W. 760 (Tex. Civ. App. - 1889, no writ). See also Attorney General Opinion M-340 (1969); City of Edinburg v. Ellis, 59 S.W.2d 99 (Tex. Comm. 1933, approved); Delta Electric Construction Co. v. City of San Antonio, 437 S.W.2d 602 (Tex. Civ. App. - San Antonio 1969, writ ref'd., n.r.e.).

Attorney General Opinion H-624 (1975). See Attorney General Opinion Nos. MW-124 (1980); MW-34 (1979).

You direct us to chapter 171 of the Local Government Code as a possible exception to section 81.002. Chapter 171 contains no exception to chapter 81. Chapter 171 relates to regulations for the conduct of certain local

public officials, and prohibits those identified office-holders from engaging in certain activities. See §§171.001(1), 171.003, 171.004. Under the rules of statutory construction, we must, if possible, read together and harmonize two statutes that relate to the same subject. Calvert v. Fort Worth National Bank, 356 S.W.2d 918, 921 (Tex. 1962); Conley v. Daughters of the Republic, 156 S.W. 197, 201 (Tex. 1913); Attorney General Opinion No. JM-693 (1987). The only exception to the absolute prohibition in section 81.002 is a contract expressly authorized by law. We find nothing in chapter 171 that expressly authorizes a county commissioner to contract with the county. Another rule of statutory construction directs us to apply the more specific statute where two provisions apply to the same subject matter but cannot be harmonized. City of Houston v. Arney, 680 S.W.2d 867, 874 (Tex. App. - Houston 1984, no writ); Attorney General Opinion Nos. M-524 (1969); WW-1127 (1961). Under that rule, we find that section 81.002 must control because that statute applies only to county judges and commissioners while chapter 171 applies to a broader group of public officials. For the above reason, we find that a county commissioner may not directly or indirectly contract with the county to lease hangar space at the county's airport.

Having found that the county commissioner may not enter into such a contract with the county, we need not address the issue of whether such a contract would constitute a grant of public money or thing of value by the county in violation of article III, section 52, of the Texas Constitution.

## S U M M A R Y

A county commissioner may not, directly or indirectly, contract with the county to lease hangar space at the county's airport.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General