CASE 100.—ACTION BY J.M. O'BRIEN, A TAXPAYER AGAINST
J. W. THOMAS JR., A MEMBER OF THE FISCAL
COURT.—June 17, 1910.

# Thomas v. O'Brien.

. Appeal from Bourbon Circuit Court.

R. L. STOUT, Circuit Judge.

From the judgment defendant appeals.—Reversed.

1.  Officers—Fiscal Courts—Pay of Magistrates—Increase Dur-
    ing Term.—Prior to 1902, Ky. St. section 1845, limited the
    pay of the magistrates who were members of the fiscal
    court to $3 a day for each day they were in attendance upon
    the court, and, as amended in 1902, (Laws 1902, c. 94), they
    were (excepting county judges) allowed pay for each day
    they were engaged in actual attendance at committee meet-
    ings. Ky. St. 1909, section 1749, subd. 1, provides that no
    officer shall receive any greater fee than is allowed by law,
    etc. Const. section 161, provides that the compensation of
    any state or county officer shall not be changed after his
    election or appointment. Held, that the amendment to sec-
    tion 1845 did not increase the pay for members of the
    fiscal courts (except county judges) who were elected prior
    to 1902, since the magistrates in acting upon the committees
    do not act as magistrates.
2.  Counties—Contracts—Individual Interest of Officers.—Since
    the enactment of the amendment in 1902, it is competent for
    the fiscal court to elect one or more of its members as a
    committee to supervise the construction of public improve-
    ments, and to pay the members of such committee a per
    diem compensation, the purpose of such amendment being
    to create an exception to Ky. St. section 1844, providing that
    no member of the fiscal court shall be pecuniarily interested
    in any contract with the county, and to enable them to
    contract with themselves in this one particular.
3.  Officers—Contracts with Officers—Special Authority.—Inher-
    ently a public official cannot contract with himself on be-
    half of the public, unless he be specially authorized to do so.

Thomas v. O'Brien.

4.  Counties—Fiscal   Courts—Order   Allowing   Payment  of
    Claims—Validity.—Where a member of the fiscal court had
    received pay for attending to committee work, and no order
    of the fiscal court was made allowing him pay, until after
    suit was brought by a taxpayer to have the money returned
    claiming the allowances were unauthorized by law, it was
    not illegal for the court to enter the order, since what it
    could  have done before it had the power to do later.
5.  Costs—Fiscal Courts—Officers—Action Against—Allowance of
    Costs.—Where, at the time an action was brought against
    a member of the fiscal court to recover money paid him for
    attending to committee work, no order of allowance of the
    fiscal court had been made, and, after demurrers to the an-
    swer were sustained, the fiscal court formally allowed the
    claim, the  plaintiff's cause of action when it was brought
    was technically good, and he was entitled to costs up to the
    time of the filing of the amended answer setting up the
    valid allowance of the claim.

TALBOTT & WHITLEY and McQUOWN & BECKHAM for ap-
pellant.

T. E. MOORE JR., for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Revers-
ing.

Appellant was justice of the peace in  Bourbon
county for the four-year term beginning January 1,
1902, and  by  virtue of his office was a member of
the fiscal court of Bourbon county during that term.
The court  appointed various  committees to look
after certain public matters, one the building com-
mittee which had charge of the rebuilding of the
courthouse which had been destroyed by fire, and
the sale and removal of the old material not de-
stroyed, as well as the collection of insurance on the
burnt building, which was in litigation.  The county
also maintained a  system of free  turnpikes, em-
bracing about 325 miles of turnpike roads, and a
number of bridges thereon.  The roads and bridges

were maintained by taxation, and were under the jurisdiction and control of the fiscal court. A "turnpike committee" was also appointed by the court. Appellant, Thomas, was made a member of each of these committees, and served upon them throughout his term of office, giving a great deal of time and labor to the work of the committees. In addition, he attended meetings of the fiscal court when it was in session. For his services both in attending court and in attending meetings of the committee he was allowed $3 a day for the actual time so employed, and was paid the sums so allowed. This is a suit brought by a taxpayer and citizen of the county against Thomas to recover the sums paid him for the above-mentioned services upon the ground that the allowances were unauthorized by law. The circuit court denied the plaintiff's demand as to the time paid for which was represented by appellee's attendance upon the fiscal court, but sustained the suit in so far as it sought to recover for the other items. The fiscal court had refused to sue; hence the action of the taxpayer plaintiff. Thomas appeals from the judgment requiring him to repay to the county the sums which had been paid to him for his services upon the committees.

That appellant rendered the services for which he was paid is not disputed, nor is the fact of his good faith questioned. The fiscal court had for many years proceeded upon the idea that such allowances were legal, and had uniformly pursued this policy in administering its affairs. Instead of entering orders in court allowing for the services, the plan was for each magistrate to file his claim for committee services, which, when indorsed by the county judge, or some other member of the committee, was

filed with the county clerk, who issued the warrants for the sums claimed. In this manner was the money paid. And this was the state of case when this suit was brought. After the circuit court had sustained demurrers to the answer of appellant setting forth the above facts, the fiscal court met and formally allowed to appellant the various sums which had been paid to him for his services as committee, making the order retroactive so far, as the order expressed it, as it lay in the power of the court to do. An amended answer was then filed setting up the order of allowance. A demurrer was sustained to that answer, and, as no other defense was tendered, the judgment above indicated was rendered.

Prior to 1902, the pay of the magistrates who were members of the fiscal court was limited to $3 a day for each day they were in attendance upon the court. Section 1845, Ky. St. 1899. Another statute (section 1749, subsection 1, Ky. St.) provides: "No officer shall demand or receive for his services any other or greater fee than is allowed by law, or any fee for services rendered when the law has not fixed a compensation therefor, nor any fee for services not actually rendered." And section 1844, Ky. St., then also in force, reads: "No member of the fiscal court shall be interested directly or indirectly, or be concerned in any contract for work to be done or material to be furnished for the county, or any district thereof, nor purchase nor be interested in any claim against the county or state." Such was the law when appellant was elected magistrate. By section 161 of the Constitution of this state it is provided: "The compensation of any state, county, town, or municipal officer shall not be changed after his election or appointment, or during

his term of office; nor shall the term of any such officer be extended beyond the period for which he may have been elected or appointed." In 1902, after appellant's election, the Legislature amended section 1845, Ky. St., by adding thereto the following: "And also for each day in which they are engaged in actual attendance at the meetings of the committees of said court, said compensation to be allowed by said court and to be paid out of the county levy; provided that no compensation shall be allowed to members of the court for attendance at the meetings of the commit tees except in those counties that maintain a system of free turnpikes under the control and supervision of the fiscal court."

It is now contended that the effect of this amend ed act was to increase the pay of members of the fiscal courts (except county judges) who were elect- ed prior to 1902. We think not, and so held in the recent case of Flowers v. Logan County (decided at this term, April 27, 1910), 127 S. W. 512. The magistrates in acting upon the committees do not act as magistrates, nor could they claim the privi- lege of so acting by virtue of their office. Nor could they be required to so act because of their member ship in the court. Where the county maintains a system of free turnpike roads, and retains the super- vision and control of them, it is competent for the court to let the work, or to require overseers to at- tend to it. Until the amendment of 1902, it was not lawful for the magistrates to elect themselves or any of their number to do that work, because of the prohibition contained in section 1844, Ky. St., supra. The purpose of the amendment was to re- move that disability; that is, the disability to con- tract with themselves in this one particular, and to

expressly allow them to do so. It may be conceded that inherently a public official cannot contract with himself on behalf of the public, unless he be specially authorized to do so.

If any one else had been appointed committee to do the identical work done by appellant, it is not questioned that it would have been within the legal power of the fiscal court to have paid him for it out of the public revenues. Any one else, not a member of the court, might have been appointed to do the work. The compensation of the magistrates was not changed by the amendment. We think that it was not illegal for the court to enter an order after the work was done ordering it to be paid for. What the court could have done before, it had the power to do later. But, as appellant had no right to receive or retain the pay for his services before an order of the court allowing it, the plaintiff's cause of action was technically good when it was brought, and he ought, at least, to recover his costs up to the time of the filing of the amended answer setting up the valid allowance of the sums.

The judgment is reversed, and cause remanded, with directions to overrule the demurrer to the answer as last amended, and for proceedings not inconsistent herewith.