## Logan County v. Head.

(Decided December 9, 1924.)

### Appeal from Logan Circuit Court

1. **Counties—County Could Recover from Member of Fiscal Court Amount Paid on Claim Purchased by Member.**—Under Ky. Stats., section 1844, prohibiting members of fiscal court from purchasing claims against county, county could recover from member amount paid on claim purchased by member, for allowance of which the member as such voted.

2. **Counties—Amount of Claim of Member for Money Advanced Held Not Recoverable.**—Under Ky. Stats., section 1844, prohibiting member of fiscal court from becoming interested in contracts for work done or materials furnished to or for county, and from purchasing claims against county, where member advanced money for and on behalf of the county as an accommodation amount paid him on his claim therefor could not be recovered.

HUBERT MEREDITH, I. G. MASON and S. H. BROWN for appellant.

S. Y. TRIMBLE, S. R. CREWDSON and COLEMAN TAYLOR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Reversing .

Appellee Head was one of the duly elected, qualified
and acting justices of the peace for Logan county for a
term of your years from and after the first Monday in
January, 1918.   During that time, according to the aver-
ments of the petition, he was allowed certain claims by
the·fiscal court, and these claims were later paid to him
by.the county treasurer.   This suit was commenced by
the county against him in the Logan circuit court to re-
cover these several sums.   A general demurrer was sus-
tained to the petition and upon the county declining to
further plead the action was dismissed.   From that judg-
ment the county appeals.   It is in substance averred in
the petition that while appellee Head was a member of
the Logan county fiscal court, he filed a claim with the
court against Logan county in the following form:

"Logan County:

In account with J. F. Head, check for truck, paid
$695.00."

This claim was duly allowed by the fiscal court, Head
being a member thereof, and later paid to him.   About
the same time he presented a claim of $21.70 against the
county for transporting the truck from Louisville to
Logan county, and this claim also was paid to appellee
Head.   It is further averred that the county of Logan
entered into a contract with one Greer, whereby Greer
undertook to build for the county a garage and barn;
that Head was a member of the committee representing
the county in the execution of the contract and that later
Greer assigned part of his claim, $195.00, to appellee
Head, and Head presented the claim thus assigned to him
to the fiscal court for allowance, and while he was a mem-
ber of the court voted for the claim which was thus al-
lowed, and with it interest, amounting to $202.71 was paid
to him during his incumbency as a member of the fiscal
court.   It is further alleged that one Chick assigned and
transferred to appellee Head a claim against the county
for $75.00 with interest and that this claim was presented
by appellee Head to the fiscal court for allowance and was
allowed to him and later paid by the treasurer of the
county on the order of the fiscal court.   All these trans-
actions are alleged to have taken place during the
term of office of appellee Head as a member of the Logan

county fiscal court and while he was acting as a member of the fiscal court of that county.

Section 1844, Kentucky Statutes, provides:

"No member of the fiscal court shall be interested, directly or indirectly, or be concerned in any contract for work to be done or material to be furnished for the county, or any district thereof, nor purchase or be interested in any claim against the county or state. Any member of the fiscal court who shall violate the provisions of this section, shall, upon conviction, be fined not less than five hundred dollars ($500.00) nor more than five thousand dollars ($5,000.00) for each offense."

This section has been construed in the following cases: Clark v. Logan County, 138 Ky. 676; Thomas v. O'Brien, 138 Ky. 770; Boyd County v. Arthur, 118 Ky. 932; Black v. Davenport, 189 Ky. 40; Commonwealth v. Stepp, 193 Ky. 469, Logan County v. Edwards, 206 Ky. 53.

Members of the fiscal court are prohibited from becoming or being interested directly or indirectly in contracts for work to be done or material to be furnished to or for the county and are specifically prohibited from purchasing or being interested in any claim against the county.

We think the petition averred facts sufficient to constitute a cause of action in favor of the county against appellee Head, at least with respect to the claim which it is alleged he purchased from Greer, and the claim he obtained from Chick as well as the claim set up in the amended petition amounting to $13.90. It appears, however, that the claim for $695.00 was merely a repayment to appellee Head of money which he advanced for and on behalf of the county as accommodation. We do not think the averments of the petition with respect to the claim for $695.00 are sufficient on demurrer. However, the demurrer to the petition should have been overruled and the parties allowed to plead to an issue.

For the reasons indicated the judgment is reversed for proceedings consistent with this opinion.

Judgment reversed.