## Breathitt County v. Hagins.

(Decided November 24, 1925.)

Appeal from Breathitt Circuit Court.

1. Counties—County Judge has Same Powers as Other Members of County Fiscal Court.—Under Kentucky Statutes, sections 1072, 1731, and Constitution, section 144, county judge is a member, and has same powers as other members of fiscal court of county.

2. Estoppel—County Not Estopped to Recover Money Illegally Paid to County Judge for Making Settlements with Sheriff.—Employment of county judge to make settlement with sheriff, not only being unauthorized, but prohibited by Kentucky Statutes, section 1844, county was not estopped to recover of him money illegally paid, notwithstanding duty of fiscal court under section 4146 to appoint, each year, a commissioner to settle with the sheriff.

3. Counties—Void Orders of County Court Making Allowances to County Judge for Settlement with Sheriff Held Subject to Collateral Attack.—Orders of fiscal court for allowances to county judge for making settlements with sheriff which were void, in view of Kentucky Statutes, section 1844, held subject to collateral attack and not to be final judgments within Civil Code of Practice, sections 724-726, and Kentucky Statutes, section 978.

4. Counties—Orders of Fiscal Court for Allowances to County Judge for Making Settlements with Sheriff Held Void and Not Voidable.—Orders of fiscal court for allowances to county judge for settlements with sheriff were void and not voidable, where there was no authority for fiscal court either to employ or pay such judge for such services; but it was expressly prohibited by Kentucky Statutes, section 1844, from so doing.

KASH C. WILLIAMS for appellant.

E. C. HYDEN for appellee.

Opinion of the Court by Chief Justice Clarke—
Reversing.

By this action Breathitt county seeks to recover of
J. Wise Hagins the sum of $200.00. A demurrer having
been sustained to the petition as amended, it was dis-
missed and the plaintiff has prayed an appeal.

It is averred that appellee was county judge of
Breathitt county for four years, beginning January 1,
1918; that in each of those years the fiscal court allowed
him and he was paid the sum of $50.00 for services ren-
dered by him in connection with the sheriff's settlement;
that each of these orders and payments was illegal,
wrongful and void.

The county judge is a member and has the same
powers as other members of the fiscal court of the county.
Section 144 of the Constitution; Bath County v. Daugh-
erty, 113 Ky. 518, 68 S. W. 436. For his services he re-
ceives an annual salary (section 1072, Ky. Statutes) and
such fees for specified services as are expressly author-
ized by 1731 and possibly other sections of the statutes.
It is not claimed by counsel for appellee that there is any
statutory authority for the payment to him as county
judge or as fees 'the amounts here involved. The insist-
ence for him is that it was the duty of the fiscal court,
under section 4146 of the statutes, to appoint each year
a commissioner to settle with the sheriff and that regard-
less of whether it was proper or even legal for it to ap-
point the county judge to perform these services, the
county cannot, after having received the benefit of his
services, recover of him the sums paid him therefor. To
sustain this contention reliance is had upon Flowers v.
Logan County, 138 Ky. 59, 127 S. W. 512.

In that case it was held that if a county officer has
expended public money for a legal purpose but in an
illegal manner the county is estopped to recover the
money from the officer making the expenditure if it ap-
pears that the expenditure was made in good faith and
that the county had received value therefor. That hold-
ing was with reference to payments made by a member
of the fiscal court to nonmembers for services for which
they might have been legally employed and it is therefore
not applicable here. The only part of that opinion perti-
nent to this case is that portion of it dealing with an al-
lowance made to a member of the fiscal court for his

services; and the county's right to recover same was denied only because statutory authority for the payment was found in section 1845 of the statutes. Hence that case, in so far as applciable here, is authority against rather than favorable to appellee's contention, since admittedly there is no statutory authority for the payments to him.

Section 1844 of the statutes provides that no member of the fiscal court shall be interested, directly or indirectly, or be concerned in any contract for work to be done or material to be furnished for the county or any district thereof, or purchase or be interested in any claim against the county or state. In Clark, et al. v. Logan County, et al., 138 Ky. 676, 128 S. W. 1079, it was held that the employment of the county judge as commissioner of the county poorhouse was contrary to that section of the statutes, and the county judge was required to refund all payments made to him for such services as were not barred by the statute of limitation. In that case the court quoted with approval from Flowers v. Logan County, *supra,* the following: "If the thing done had been illegal or not warranted by law, however beneficial it might have been, the public ought not to be estopped to deny the validity of the expenditure." These cases were approved and like conclusions reached in Black v. Davenport, 189 Ky. 40, 224 S. W. 500.

Since the employment of appellee to make settlement with the sheriff was not only not authorized by law but prohibited by section 1844, *supra,* his employment for the purpose was clearly illegal, and therefore, under the cases *supra,* the county was not estopped but entitled to recover of him the money thus illegally paid to him.

The next insistence for appellee is that this independent action cannot be maintained, since the allowances were made and paid to appellee by orders of the fiscal court, acting judicially, and that these orders are therefore final judgments and binding upon the parties unless or until set aside by appeal in the manner prescribed by sections 724-726 of the Code and 978 of the statutes.

This contention is clearly refuted by the cases already referred to, since none of them was an appeal from the orders of the fiscal court directing or approving the allowance, but each was an original action like this one in the circuit court.

Neither is the contention sustained or supported in the least by Slater-Business Printing Company v. Tincher, 201 Ky. 370, 256 S. W. 722, relied upon by appellee, since that case only holds that a party who has been allowed and collected a part of his claim under order of the fiscal court cannot maintain an independent action to recover so much thereof as was rejected. Nor are we now called upon to discuss or decide whether or when an appeal is the exclusive remedy to correct or avoid an erroneous or voidable order of the fiscal court, since its orders making the complained of allowances to appellant were void, and therefore subject to collateral attack.

That the orders were void and not merely voidable is apparent, since there was not only no authority for the fiscal court either to employ or pay appellee for such services, but it was expressly prohibited from so doing.

It follows the lower court erred in sustaining the demurrer and dismissing the petition. The appeal is therefore granted, the judgment reversed and the cause remanded for proceedings not inconsistent herewith.