## Graves County et al. v. Graves Fiscal Court et al.

January 24, 1947.

Farland Robbins for appellants.
L. R. Smith for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

In January, 1946, when the present members of the Fiscal Court of Graves County went into office for the current term of four years, the statute fixed their compensation at $6 for each day of actual attendance of the meetings of the body and permitted compensation of $6 for each day they served on the committee of the court supervising the county roads. The Fiscal Court followed the policy of controlling and supervising those roads. KRS 67.110(2), (3), 1944 Edition. See Graves County ex rel. County Attorney v. Graves Fiscal Court, 259 Ky. 532, 82 S. W. 2d 794, 795. All members of the court were placed on the committee, each one to supervise the roads in his district. On January 8th, the Board adopted a resolution fixing the compensation at the statutory per diem of $6 for this service. An amendment of KRS 67.110, effective June 19, 1946, (1) reduced the salaries to be paid county commissioners where there is a commission form of government in counties containing a city of the third or fourth class; (2) raised the compensation of justices of the peace to $10 for each day they are in attendance on meetings of the fiscal court. The amendment also (3) specifically provides that justices of the peace as members of the fiscal courts "shall not receive any other compensation for their services, or any compensation for serving on committees of the fiscal court." Chapter 62, Acts of 1946.

The fiscal court of Graves County and its several members filed this suit for a declaratory judgment that the 1946 Act does not affect their previously fixed compensation and that the members may continue to receive the stipulated per diem for serving on road committees. Another alternative plea has been abandoned. It was stated in the petition that the fees for serving on the road committees constituted 90% of the entire compensation of the members of the fiscal court. It is further alleged that the County Attorney, who is a defendant, has insisted that the members are no longer entitled to be paid these fees.

An answer joined the issues and challenged the right of the plaintiffs to maintain the suit for a declaration of rights. This is on the ground that on August 1, 1946,

shortly before the suit was filed, the members of the fiscal court had voted themselves sums in excess of $25 on account of services on the road committees, and that that order could be appealed to the circuit court. The court held that the suit could be maintained, and adjudged that the 1946 amendment to the statute does not affect the rights of the justices of the peace during their terms which had begun and their compensation fixed prior to the effective date of the Act, either for attendance on meetings of the fiscal court or for services as a committee supervising the roads of the county, namely, $6 per day.

The challenge to the plaintiffs' right to maintain the suit for a declaratory judgment rests upon Oldham County ex rel. Wooldridge v. Arvin, 244 Ky. 551, 51 S. W. 2d 657. The County Attorney had brought a suit of this character to test the validity of an order of the fiscal court relating to expenses, etc., of the county road engineer. We held that he could have properly made the test by an appeal, but had not done so. It was reasoned that so long as that right to appeal existed, the situation might be regarded as if there were a case pending in the courts, and that the suit for declaration of rights ought to be disallowed. The case is not applicable. This suit is based on the fact that the amendment to the statute prima facie affected rights arising from orders of the fiscal court made six months before its enactment. It so happened that it was filed not long after the August 1st order (no copy of which is in the record) making the allowance in accordance with the basic order of the previous January. The plaintiffs could not have appealed that allowance for it was in their favor. We think the court properly entertained the suit.

An Act of 1902, which amended Section 1845, Kentucky Statutes, later embodied in KRS 67.110, authorized members of the fiscal courts, which had always been charged with maintaining the roads owned by the county, to appoint themselves to serve on committees supervising the roads and to make payment therefor to themselves. The validity and construction of that act with respect to justices of the peace then in office was presented in Thomas v. O'Brien, 138 Ky. 770, 129 S. W. 103. It was held that the compensation of the Squires was not changed because the purpose of the act was to remove

the disability of employing themselves to do this additional work and in doing it they were not acting in their official capacity as magistrates. It was held that they were entitled to this compensation. We have here the reverse condition presented by the Act of 1946. Able argument is made concerning the proper interpretation and application of that opinion. It would appear that under that decision this act would be a valid denial of the compensation for road committee service since the Act in effect makes the statute the same as it was prior to 1902. It seems to us, however, that the judgment should be sustained upon the ground that it was not the intention of the Legislature to change any of the compensation of members then in office for these services.

It is not only a judicial rule for construing legislative acts, but legislative order, KRS 446.090, that if any part of an act be regarded unconstitutional, the remaining part shall remain in force unless it is "so essentially and inseparably connected with and dependent upon the unconstitutional part that it is apparent that the General Assembly would not have enacted" it without the unconstitutional part, "or unless the remaining parts, standing alone, are incomplete and incapable of being executed * * * with the intent of the General Assembly." We are testing the 1946 Act by Section 161 of the Constitution, which declares that the compensation of no officer shall be changed after his election or appointment or during his term of office. So the question is one of constitutionality in so far as it would apply to officers whose compensation had already been legally fixed. No question is raised as to its validity in other particulars or generally. The Act is a complete statute, dealing with the compensation of members of the fiscal courts, both where the commission form exists and the body is made up of justices of the peace. It follows closely the paragraphing of the former statute, KRS 67.110. The first and second paragraphs are literal copies, except the changes in amounts that may be allowed as compensation. The third section of the act, now paragraph (3) of the statute, simply repeals the exception in former paragraph (3), which permitted per diem to be paid for services on road committees, and substitutes the negative provision that "county commissioners or justices of the peace shall not receive any

other compensation for their services, or any compensation for serving on committees of the fiscal court." It does not forbid such services or relieve the members of any duty. The first section reduces the salary for commissioners in certain counties, as we have related. The second section raises compensation of justices of the peace for attendance upon meetings of the fiscal court from $6 to $10 per day. Everyone agrees that the increased per diem for attending meetings of the body can not constitutionally apply to officers who had been previously elected and whose compensation had been previously fixed. It seems to us, as it did to the circuit court, that the Act must be regarded as an integrated whole and that the Legislature would not have enacted the third section, denying pay for committee work, independently or separately from the other sections raising the pay. The purpose was undoubtedly to treat the subject as a whole and the part reducing compensation would not have been enacted without the other raising it, and vice versa. It must be assumed that the members of the Legislature were familiar with the plain provisions of Section 161 of the Constitution denying them the right to change the compensation of members of the fiscal court during their terms and realized that the first and second sections of the Act would not affect those in office. Adams, Judge, v. Slavin, 225 Ky. 135, 7 S. W. 2d 836; Webster County v. Overby, 240 Ky. 461, 42 S. W. 2d 707. The case, therefore, comes within the "unless" provisions of KRS 446.090. As is said in Gibson v. Commonwealth, 209 Ky. 101, 272 S. W. 43, 44:

"Generally, invalid sections of a statute may be eliminated without affecting valid portions, if the valid portions are so clearly separable from the invalid ones that they can stand, and be operative without the assistance of the invalid ones; but if the valid and invalid provisions are so dependent, each upon the other, or so connected, each with the other, as to warrant the belief that the Legislature intended them as a whole and would not have enacted the statute unless all provisions could be carried into effect, the whole of the statute must fail."

If we should construe Section 3 of this Act, KRS 67.110(3), as legally denying members of the fiscal court compensation for serving on road committees during

their term, it would be to construe it differently from Section 1, which manifestly cannot apply. We, therefore, concur with the conclusion of the trial court that the legislative intent was that the statute should be read as a whole and all its provisions treated alike in its present application, or rather inapplication. Otherwise, we would have part of it (the reduction) presently operative and part of it (the increase) not. We construe the Act therefore as not applying in either respect to any member of a fiscal court during his current term.

Wherefore the judgment is affirmed.