# Pulaski County et al. v. Decker.

May 9, 1950.

E. R. Denney, Special Judge.

C. Homer Neikirk for appellants.

Sandusky & Krueger for appellee.

VAN SANT, COMMISSIONER—Reversing.

The action was instituted in the Pulaski Circuit Court to require appellants, who are members of the Fiscal Court of Pulaski County, to meet and enter an order allowing and awarding appellee, Jailer of Pulaski County, reasonable compensation, allegedly $836, for furnishing heat, fuel and light to the county and quarterly courts of Pulaski County, for the period of time commencing January, 1943 and ending June, 1948. Appellants have appealed from the judgment awarding appellee the relief sought.

KRS 64.150 provides that jailers, with certain exceptions not applicable here, shall receive compensation not exceeding $2 per day for furnishing fuel and lights to county and quarterly courts. KRS 23.030 provides: "Appeals may be taken to the circuit court: (1) From all orders and judgments of the fiscal court or quarterly

court in civil cases where the amount in controversy, exclusive of interest and costs, is over twenty-five dollars.

The claim herein sought to be validated was presented to and rejected by the fiscal court on the 29th day of June, 1948. The order rejecting the claim erroneously stated that the claim was for furnishing heat and light for the jail but that order was amended and corrected on the 27th day of July, 1948 to read: "The claim of the Jailer Teddy Decker, for furnishing heat, fuel and light to the County and Quarterly Court is rejected on the grounds that the said Jailer Teddy Decker did not furnish any heat, fuel or lights to the County or Quarterly Court of Pulaski County on the dates set forth in his claim or any time."

The petition alleges that the plaintiff has no adequate remedy at law. But, as we have seen, under the provisions of KRS 23.030 he has adequate remedy at law by appeal to the circuit court from the order of the fiscal court rejecting his claim, which amounts to more than $25, exclusive of interest and costs. It is obvious that the court erred in granting the injunction.

The judgment is reversed with directions that it be set aside and that another be entered dismissing appellee's petition.