Billy Todd CHESHIRE, Appellant,

v.

CITY OF FRANKFORT, Appellee.

Court of Appeals of Kentucky.

Oct. 15, 1954.

William Todd Cheshire, Frankfort, for appellant.

Charles Hobson, Frankfort, for appellee.

COMBS, Justice.

In substance, the question on this appeal is whether the 1949 amendment to Section 246 of the Kentucky Constitution, increasing compensation limits for public officers, was self-executing as to certain public officers compensated by fees, whose maximum compensation was not limited by statute at the time the amendment was adopted.

Billy Todd Cheshire, prosecuting attorney of the City of Frankfort, received more than $5,000 in fees during the year 1952. Upon a question being raised as to whether he was entitled to retain more than $5,000, he paid the excess to the city. Later, he brought this action to recover the amount he had paid to the city. The court denied recovery, and he has appealed.

Although less than $2,500 is directly involved, we have concluded that the question is of sufficient public importance to warrant a written opinion.

Prior to the 1949 amendment, Section 246 of the Constitution limited the compensation of all public officers (except the Governor) to $5,000 per annum. Under KRS 69.530, prosecuting attorneys of third-class cities were allowed 30 percent of the fines and forfeitures collected in police court, and there was no statutory limit on their compensation. A limit existed only by virtue of Section 246 of the Constitution.

At the regular November election in 1949, Section 246 was amended so as to remove the old $5,000 limit and to impose new limits for different classes of officers. The amendment reads as follows:

"No public officer or employe except the Governor, shall receive as compensation per annum for official services, exclusive of the compensation of legally authorized deputies and assistants which shall be fixed and provided for by law, but inclusive of allowance for living expenses, if any, as may be fixed and provided for by law, any amount in excess of the following sums: Officers whose jurisdiction or duties are coextensive with the Commonwealth, the mayor of any city of the first class, and Judges and Commissioners of the Court of Appeals, Twelve Thousand Dollars ($12,000); Circuit Judges, Eight Thousand Four Hundred Dollars ($8,400); all other public officers, Seven Thousand Two Hundred Dollars ($7,200). Compensation within the limits of this amendment may be authorized by the General Assembly to be paid, but not retroactively, to public officers in office at the time of its adoption, or who are

elected at the election at which this amendment is adopted. Nothing in this amendment shall permit any officer to receive, for the year 1949, any compensation in excess of the limit in force prior to the adoption of this amendment."

At the same election at which the constitutional amendment was adopted, there was an election of prosecuting attorneys of third-class cities, for four-year terms commencing the first Monday in December 1949. John Darnell was elected in Frankfort, and took office at the start of the new term. In 1951 he resigned and Mr. Cheshire was elected to fill the vacancy. Thus, during the year 1952, which is the one here in question, Mr. Cheshire was serving the balance of the term for which the election was held in November 1949. At no time during this term did the city council take specific action under KRS 64.580 and 64.680 (as it could have done) to authorize a compensation of $7,200 for the office.

Mr. Cheshire contends that the amendment wiped out the old limit of $5,000, and the new limit of $7,200 for local officers automatically became effective without legislative action, thereby entitling prosecuting attorneys to receive up to $7,200 per year for each year of the term that commenced in December 1949. He further maintains that this automatic increase did not constitute a change of compensation during a term or after election, in violation of Sections 161 and 235 of the Constitution, because the amendment took effect simultaneously with the election of the officer.

The appellee maintains that the amendment was not self-executing, but required legislative action to have effect, and that when the 1950 General Assembly enacted KRS 64.700, providing that local officers could not receive any compensation in excess of the old constitutional limit of $5,000 until such time as the local governing authorities took specific action to authorize an increase, the legislature was acting in accordance with the intent and purpose of the amendment.

When the amendment is considered as a whole, we think the intent becomes clear that the old $5,000 limit should remain in force until such time as the General Assembly should authorize an increase within the new limits, at least with respect to officers in office at the time of adoption of the amendment, or who were elected at the election at which the amendment was adopted. It is true that any specific reference to a limit of $5,000 was eliminated by the amendment, but the whole tenor of the amendment, particularly the next to the last sentence, is that any increase for those then in office, or then being elected, should come only through the legislature, and the old limit was impliedly retained pending such legislative action.

Mr. Cheshire argues that the next to the last sentence of the amendment had reference only to *salaried* officers whose salaries had been fixed by statute, but we can find no basis for such a construction. We think the sentence is equally applicable to *fee* officers whose compensation was not limited by statute.

Mr. Cheshire makes some contention that the action of the city council in approving his monthly settlements during 1952, as a cumulative result of which the council approved his retention of more than $5,000 for the year, constituted specific action by the council increasing his compensation, within the meaning of KRS 64.580, 64.680 and 64.700. However, we think it is clear that these statutes contemplated specific, considered, separate action on the question of compensation, and not a mere implication of action resulting from a cumulation of monthly settlements.

The judgment is affirmed.