**TRIMBLE COUNTY, by J. S. SHAVER, County Attorney, et al., Appellants,**

v.

**Bryan MOORE et al., Appellees.**

Court of Appeals of Kentucky.

April 18, 1958.

**624**

Clark, Manby & Williamson, LaGrange, J. S. Shaver, Bedford, Berry & Floyd, New Castle, for appellants.

James A. Hall, LaGrange, for appellees.

CULLEN, Commissioner.

This action was commenced in 1950, and has been practiced under the Civil Code. The action was brought on behalf of Trimble County, by the county attorney against the four persons who served as magistrate members of the fiscal court during the years 1946, 1947, 1948 and 1949. Recovery was sought in an amount in excess of $10,000, representing the total of a large number of alleged illegal payments of money to the defendants, out of county funds, during their terms of office. A general demurrer to the petition was sustained, and the action was dismissed, but on an appeal it was held that the petition stated a cause of action, and the judgment dismissing the action was reversed with directions to overrule the demurrer. Trimble County by Shaver v. Moore, Ky., 275 S.W.2d 50. Thereafter, the defendants filed a number of defensive pleadings, culminating in a second amended and substituted answer. A general demurrer by the plaintiff to this answer was overruled, and upon the plaintiff's declining to plead further the action was again dismissed. The present appeal is from the

second judgment of dismissal. The question before us is whether the allegations of the answer (admitted as true by the demurrer) established a complete defense to the action.

The petition alleged illegal payments in the following three categories: (1) Sums paid to the defendants for service as committee members in supervising the roads; (2) sums paid to the defendants by way of reimbursement of money paid by them out of their own funds to other persons, for road work and materials; (3) sums paid to the defendants for actual labor performed by them on the roads. We will discuss each category in sequence.

■ In connection with the first category, some statutory history is involved. KRS 67.110, prior to June 19, 1946, provided that "in counties where the fiscal court controls and supervises the county roads through a committee of its members the justices of the peace serving on that committee shall be paid out of the county treasury six dollars for each day of actual service." By Chapter 62 of the Acts of 1946, effective on June 19, 1946, the legislature increased the compensation of fiscal court members for attendance at court meetings, repealed the provision above quoted, and prescribed a direct prohibition against the payment of any compensation for committee services. However, in Graves County v. Graves Fiscal Court, 303 Ky. 707, 199 S.W.2d 137, it was held that the provision of the 1946 Act barring compensation for road committee work was not intended to apply to fiscal court members during the four-year term that commenced in January 1946, in cases where compensation of the members for road committee work had been legally fixed before the 1946 Act was enacted.

In their answer in the case before us, the defendants asserted that they were entitled to compensation for road committee work, during their terms which began in January 1946, by virtue of a resolution adopted by their predecessors in April *1945*. This resolution recited that the county elected to maintain its roads under the free turnpike system, and that the members of the fiscal court, *naming them,* were appointed as a committee to supervise the roads in their respective districts. For some unexplained reason, the resolution fixed the compensation at $4 per day instead of the $6 per day then authorized by the statute. However, it appears that most of the payments actually made to the defendants here were in the amount of $6 per day.

The defendants contend that the foregoing resolution was of a permanent, continuing nature, and constituted a valid fixing of their right to compensation for road committee work prior to the enactment of the 1946 amendment to KRS 67.110, so as to entitle them, under the decision in Graves County v. Graves Fiscal Court, 303 Ky. 707, 199 S.W.2d 137, to the compensation throughout their terms.

We think the contention might have merit if compensation for road committee work was in the category of compensation for official services. But in Thomas v. O'Brien, 138 Ky. 770, 129 S.W. 103, and again in Franklin County v. Graham, 305 Ky. 710, 205 S.W.2d 505, it was held that the road committee work is a matter of *contract* and not of official action, and that compensation for such work is not compensation for official services. In the O'Brien case, 129 S.W. 103, at page 104, it was said:

"* * * The magistrates in acting upon the committees do not act as magistrates, nor could they claim the privilege of so acting by virtue of their office. Nor could they be required to so act because of their membership in the court. Where the county maintains a system of free turnpike roads, and retains the supervision and control of them, it is competent for the court to let the work, or to require overseers to attend to it. Until the amendment of 1902, it was not lawful for the magistrates to elect themselves or any of their number to do that work, because of the prohibition contained in section

1844, Ky. St., supra (now KRS 61.220). The purpose of the amendment was to remove that disability; that is, the the disability to contract with themselves in this one particular, and to expressly allow them to do so. * * * "

Under the view expressed in the O'Brien and Graham cases, the 1945 resolution of the Trimble Fiscal Court could not have had any continuing effect beyond the expiration of the terms of the members then in office. The question of whether the members who took office in 1946 would do road committee work, and be compensated therefor, was one to be determined by contract of those members.

■ There having been no contract entered into by the defendants who took office in 1946, providing that they would serve as road committee members and fixing their compensation therefor, before the enactment of the 1946 amendment to KRS 67.110, which expressly prohibited the payment of compensation for such work, it follows that the defendants were barred by the amendment from receiving such compensation, at least after June 19, 1946. Their being no express prohibition prior to that date, the payments made prior to that date may be considered to have been validated by ratification. See Thomas v. O'Brien, 138 Ky. 770, 129 S.W. 103.

For the reasons stated, it is our opinion that the answer did not state an adequate defense concerning the road committee payments, except as to those payments made before June 19, 1946.

■ The second category of alleged illegal payments concerns sums paid to the defendants by way of reimbursement for money advanced out of their own pockets, to other persons, for road work and materials. The answer alleged that the advancements were made in good faith, that the reimbursements were for the exact amounts advanced, and that the county received full value in the way of services and materials. These allegations assert a valid defense. Flowers v. Logan County, 138 Ky. 59, 127 S.W. 512; Logan County v. Head, 206 Ky. 97, 266 S.W. 883. However, this was a highly improper method of carrying on the county's business, and the defendants are absolved only by the uncontroverted allegations of good faith, exact reimbursement, and value received.

■ The third category of alleged illegal payments consists of sums paid to the defendants for actual work performed by them upon the roads, such as in personal operation of road machinery. These payments were clearly in violation of KRS 61.210 and 61.220. The defendants, in their answer, alleged that the practice of magistrates working on the roads was a long established one in Trimble County, that the county received the benefit of the work, and that the payments were made in good faith. The defendants assert an estoppel, relying upon Flowers v. Logan County, 138 Ky. 59, 127 S.W. 512.

In the Flowers case it was held that a county could be estopped to recover money paid to members of the fiscal court by way of reimbursement of sums advanced by them to other persons for work or materials beneficial to the county. But the Flowers case is not authority for the proposition that the county may be estopped to recover sums paid to a fiscal court member in violation of KRS 61.210 and 61.220. The distinction was clearly pointed out in Breathitt County v. Hagins, 211 Ky. 391, 277 S.W. 469, and was recognized in Logan County v. Head, 206 Ky. 97, 266 S.W. 883. It is true that a somewhat contrary holding was made in Keenon v. Adams, 176 Ky. 618, 196 S.W. 173, but that case was based upon a misinterpretation of the Flowers opinion, and we do not consider it to be an acceptable precedent.

Since the payments in question were in direct violation of KRS 61.210 and 61.220, the county cannot be estopped from recovering them. Breathitt County v. Hagins, 211 Ky. 391, 277 S.W. 469. The same is

true of the payments for road committee work, discussed in the first part of this opinion, because they too were made in direct violation of a statute.

It is our opinion that the answer did not state a valid defense as concerns the payments to the defendants for personal work on the roads.

The judgment is reversed, with directions to set aside the order overruling the demurrer to the second amended and substituted answer, and to enter an order sustaining the demurrer to the extent indicated in this opinion.