James **FLINCHEUM** et al., Appellants,

v.

**HICKMAN COUNTY KENTUCKY BOARD OF EDUCATION and its members, etc., et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 26, 1973.

William L. Shadoan, Wickliffe, for appellants.

James B. Brien, Jr., Neely, Reed & Brien, Mayfield, for appellees.

CULLEN, Commissioner.

Appellants are citizens, taxpayers and consumers of utilities in Hickman County, Kentucky. For themselves and for all others similarly situated they filed a declaratory judgment suit attacking a 3% utility tax imposed by the fiscal court for the schools. They sought an injunction to prevent levying or collecting the tax. The tax was levied in compliance with a resolution of the Hickman County Board of Education. See KRS, Chapter 160. The trial court adjudged the levy valid and denied the injunction, from which judgment this appeal was lodged. We affirm.

Appellants alleged that the notice given by the board of education of the time and place of its meeting, when it resolved to request the levy, did not meet the requirements of KRS 160.603. They charged that the resolution of the board therefore was void. In holding the levy valid, the trial court found that the notice was sufficient.

Appellees contended in the trial court and argue here that appellants' sole remedy was by appeal from the fiscal court, under KRS 23.030, and that appellants could not maintain an independent declaratory judgment action. We agree that the appellants cannot maintain the independent action, but for a different reason.

The original order of the fiscal court, levying the tax, was entered on April 2, 1971. The appellants petitioned the fiscal court to rescind that order, and on September 11, 1971, the fiscal court entered an order rescinding the April 2 order. The board of education appealed from the September 11 order and the appellants sought to intervene on the appeal, to defend that order. While that appeal was pending the appellants brought the instant declaratory judgment suit.

The circuit court, on the appeal by the board of education from the September 11

rescinding order of the fiscal court, overruled the appellants' motion to intervene and on November 26, 1971, entered judgment reversing the rescinding order. No appeal was taken from the judgment.

In these circumstances we think the question is not whether the appellants should have appealed from the April 2 order, but whether they should have appealed from the circuit court judgment. They chose to make a direct attack on the fiscal court order by petitioning the fiscal court to set aside that order. When that order was set aside by the September 11 order, the appellants had for the moment procured all the relief they desired. What placed that relief in jeopardy was the appeal taken to the circuit court, from the September 11 order, by the board of education. The appellants sought to protect their relief by intervention in the appeal proceeding. That effort failed because the circuit court denied their motion to intervene. It seems to us that it was incumbent upon the appellants to appeal from the circuit court judgment, for it was by virtue of that judgment that the tax was reinstated. See Morse v. Buskirk, 167 Ky. 571, 181 S.W. 173; Fugate v. Creech, 271 Ky. 3, 111 S.W.2d 402; City of Henderson v. Todd, Ky., 314 S.W.2d 948; Sutphen Estates, Inc. v. United States, 342 U.S. 19, 72 S.Ct. 14, 96 L.Ed. 19. This is so particularly because the ground on which the appellants prevailed upon the fiscal court to enter the rescinding order, i. e., that the board of education's request for the tax was invalid because of lack of public notice (which ground was rejected by the circuit court on the appeal), was the same ground that the appellants asserted in their independent action. In our opinion the appellants were entitled, under CR 24.01, to intervene as a matter of right, and therefore could not forego the right of appeal and seek some other remedy. Cf. Brotherhood of R. R. Trainmen v. Baltimore & O. R. Co., 331 U.S. 519, 67 S.Ct. 1387, 91 L. Ed. 1646.

Our conclusion is, then, that the appellants were not entitled to relief in their declaratory judgment action, not because they did not appeal from the original fiscal court order, but because they did not appeal from the circuit court judgment denying their right of intervention.

The circuit court should have dismissed the action, rather than declare the fiscal court order valid. However, the ultimate result is the same, so we are affirming the judgment.

PALMORE, C. J., and JONES, MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur, except that STEINFELD, J., concurs by separate opinion.

STEINFELD, Justice (concurring).

I concur in the result reached in the opinion but for the reasons I will express herein.

Appellants actively participated in the fiscal court proceedings, persuaded it to rescind the tax levy, and protested when it was reinstated. They did not appeal from the fiscal court order of reinstatement. Their attempt to intervene in the circuit court action was properly denied, and their declaratory judgment action was instituted contrary to the provisions of KRS 23.030, which provide in pertinent part:

"Appeals may be taken to the circuit court:

(1) From all orders and judgments [1] of the fiscal court or quarterly court * * *."

Appellees contended in the trial court and argue here that an independent declaratory judgment action cannot be maintained when the right to appeal was authorized by KRS 23.030. I would hold that appellees' contention is valid, however, I find confusion and possible conflicts in our

---

[1]. The word "judgments" apparently refers only to quarterly courts.

cases on the question of when an appeal is the exclusive remedy to test an act or failure to act by a fiscal court and when an independent suit is maintainable. A review of some of those cases is appropriate.

In 1903, in Hudgins v. Carter County, 115 Ky. 133, 72 S.W. 730, after a health officer had presented his claim to the fiscal court which disallowed part of it, this court ruled that the officer could bring an action to recover and he was not confined to an appeal. In Oldham County v. Arvin, 244 Ky. 551, 51 S.W.2d 657 (1932), we held that a declaratory judgment action to test the right of the fiscal court to order payment to the county road engineer for automobile expenses was not maintainable because the statute authorized an appeal. We held in Stumbo v. Clark, 255 Ky. 287, 73 S.W.2d 8 (1934), that the remedy by appeal existed to challenge an order of the fiscal court canceling warrants issued for medical care to the poor. Stewart v. Kidd, 262 Ky. 90, 89 S.W.2d 861 (1936), stated that " * * * we have uniformly held that except in cases where its action is void, the proper method of reviewing an order of the fiscal court fixing the salaries of county officers is by appeal."

Metcalf v. Howard, 304 Ky. 498, 201 S. W.2d 197 (1947), was an action by patrolmen for a mandamus to require the fiscal court to fix reasonable salaries and to make an appropriation for payment. This court wrote as follows:

"The question is raised as to the plaintiffs' right to maintain the action because their remedy was by an appeal from the orders of the fiscal court. The question is one of jurisdiction. Wolfe County v. Tolson, 283 Ky. 11, 140 S.W. 2d 671.

"Anyone personally or officially aggrieved by an action or order of a fiscal court must appeal to the circuit court within 60 days. KRS 23.030; Civil Code of Practice, § 729. We have held that appeal is the only remedy where an officer is dissatisfied with the amount of salary or other compensation fixed by a fiscal court, for it has performed a statutory duty even though it may have done so improperly, e. g., abused a discretionary power. (Citing cases). There is a material difference where the court has refused to perform a duty imposed by statute. Mandamus is the proper remedy where a right to have it performed exists, though how or what it may do in the exercise of its discretion cannot be so controlled. In this case, when the County Judge, who is a member of the fiscal court, requested that salaries be fixed, the only thing it did was to make an appropriation of a lump sum. That was favorable to the patrolmen and they could not appeal from it. Graves County v. Graves Fiscal Court, 303 Ky. 707, 199 S.W.2d 137. Afterward the court again rejected a motion to fix the amount of the officer's compensation and continued to refuse. There was a duty to do so imposed by the statute. We have the distinction clearly drawn in two cases from Oldham County. The county court had appointed Akins as a county patrolman and the fiscal court refused to fix his salary. We held that mandamus was the proper remedy to compel the court to fix the salary as it was its duty to do so. Peak v. Akins, 237 Ky. 711, 36 S.W.2d 351. After that decision, the fiscal court fixed Akins' salary at $50. a month. He was not satisfied with the amount and brought another suit to have the members of the fiscal court held in contempt of the circuit court on the ground that they had not fixed reasonable compensation, and also sought a mandamus requiring them to fix the salary at a reasonable sum. We held the suit improper because the fiscal court had acted and exercised a discretion, hence the plaintiff's remedy in this instance was by an appeal to have the action reviewed. The distinction is recognized and enforced also in Bath County v. United Disinfectant Co., 248 Ky. 111, 58 S.W.2d 239; Leslie County v. Hensley, 276 Ky. 679, 125 S.W.2d 255;

Muenninghoff v. Bartholomew, 269 Ky. 36, 106 S.W.2d 97, in which cases the remedy of mandamus was held proper because a fiscal court had refused to act at all. We are of the opinion, therefore, that the plaintiffs pursued the right course in seeking a mandamus."

Graves County v. Graves Fiscal Court, 303 Ky. 707, 199 S.W.2d 137 (1947), was a declaratory judgment action instituted by members of the fiscal court attacking a statute which had the effect of reducing their salaries. An order previously entered by that court had fixed the salaries at a higher rate than the later statute allowed. It was held that the declaratory judgment action was maintainable in the circumstances. In Howard v. Saylor, 305 Ky. 504, 204 S.W.2d 815 (1947), this court stated, "In construing this section (KRS 23.-030), we have held that any person aggrieved may appeal from an order of the fiscal court." This opinion made it clear that the remedy of appeal was not restricted to officials. See Shreve v. Taylor County Public Library Board, Ky., 419 S. W.2d 779 (1967). Veith v. Tinnell, 306 Ky. 484, 207 S.W.2d 325 (1947), was an action by Veith as a taxpayer attacking an order of the fiscal court employing a comptroller. It was held that "Here, Veith is not suing either in an official or personal capacity, but as a taxpayer on the theory that the action of the fiscal court was void, and his remedy is not limited to an appeal from the order of the fiscal court."

In Pulaski County v. Decker, 312 Ky. 796, 229 S.W.2d 968 (1950), this court said that a jailer had an adequate remedy by appeal to the circuit court from a fiscal court order denying his request for certain expenses.

Enterprise Publishing Company v. Harlan County, Ky., 310 S.W.2d 551 (1958), was a suit filed by the publishing company against the county treasurer to recover its charges for publishing a report in a newspaper. The action also sought a declaration of rights and a construction of a statute fixing advertising rates after the fiscal court had entered an order establishing a rate for future advertising at less than the statutory rate. We held an independent action was proper to adjudicate the general subject of rates. The publishing company had submitted a bill but the fiscal court had entered an order allowing less than the amount claimed. The company declined to accept the part allowed and sued for its total charge. We decided that it was impermissible for the publisher to recover in an independent action as its exclusive remedy was that of an appeal from the fiscal court's order.

A lengthy discussion of KRS 23.030 is found in Shreve v. Taylor County Public Library Board, Ky., 419 S.W.2d 779 (1967). There were two consolidated actions; one consisting of an appeal to the circuit court by one member of the fiscal court and two citizens and taxpayers of the county from an order of the fiscal court establishing a public library district, and the other was a direct suit brought by an official of the library board against county officials seeking mandatory relief. The judgment of the circuit court dismissed the appeal but granted the mandatory relief sought in the independent action. Among other things we held that KRS 23.-030 authorized an appeal from an order of the fiscal court and that any person aggrieved by an order of the fiscal court may appeal therefrom where more than $25 is involved. We also said that "The right to appeal has not been limited to orders of a judicial character * * * and appeals have been upheld from other strictly administrative orders * * *." We reversed saying that the dismissal of the appeal was improper.

Holmes v. Hume, Ky., 424 S.W.2d 824 (1968), was a mandamus proceeding .by trustees of a county public library who had presented a petition to the fiscal court requesting the creation of a public library and the levying of a tax to support it.

KRS 173.720. The fiscal court declined to follow the provisions of the statute. Our opinion is silent as to whether any order was entered by that court. The circuit court issued a mandamus requiring the fiscal court to create the library board. On appeal to the Court of Appeals we held that "Mandamus is the proper remedy to compel a court of inferior jurisdiction to take such action as the law makes mandatory." We held to the contrary when another suit in the nature of mandamus was brought to require a different fiscal court to adopt a resolution creating a library board. A petition had been filed requesting such action, but the request had been rejected by an order. Miller v. Bell, Ky., 453 S.W.2d 746 (1970), held that inasmuch as there was adequate remedy by appeal, mandamus was unavailable.

KRS 23.030, the validity of which is not questioned here, serves a very useful purpose in alerting the members of the fiscal court to the finality of its orders and resolutions. The functions of the fiscal court, which are sometimes quasi legislative, sometimes quasi judicial and sometimes purely administrative, have made it very difficult to uniformly apply KRS 23.030. Smith v. Campbell, Ky., 286 S.W.2d 532 (1955), is illustrative of the problem which has confronted the bench and the bar. It mentioned, with approval, that in one instance the county attorney had appealed from an order of the fiscal court and in a later action citizens as taxpayers proceeded directly.

By way of clarification of the law, I would hold that when a fiscal court enters an order which is not void, having an adverse effect upon a present existing right of a person who has actively participated in the proceeding in the fiscal court by the filing of a claim, or by seeking or petitioning relief, or by advocating or opposing the action, or in the performance of an official duty, the exclusive remedy should be by appeal. Cf. Ray v. Luckett, Ky., 332 S.W.2d 848 (1960). That remedy is adequate for it may be coupled with a declaration of rights as well as injunctive relief. Splitting claims is impermissible. To the extent that this pronouncement conflicts with earlier cases holding to the contrary, they should be overruled.

Those of the appellants who actively participated in the proceedings in the fiscal court are barred by their failure to appeal. Others can have no relief because the matter in issue was fully contested in the public's behalf in the circuit court in bona fide litigation by the members of the fiscal court. Smith v. Campbell, Ky., 286 S.W.2d 532 (1955); 50 C.J.S. Judgments § 796b (1), p. 337; 50 C.J.S. Judgments § 820, p. 382; 56 Am.Jur.2d, Municipal Corporations, Sec. 873, p. 851.

In my opinion, the judgment should be affirmed for the reasons above expressed.